McHenry *v.* Knickerbacker *et al.*

Filed April 10, 1891.

———

No. 14,825.

## McHenry *v.* Knickerbacker et al.

Mechanic's Lien.—*Surety on Contractor's Bond can not Enforce Lien for Materials Furnished.*—A surety on a contractor's bond who undertakes that the contractor shall pay for all materials used in the building can not enforce a lien for materials furnished by him at the request of such contractor.

From the Dearborn Circuit Court.

*H. D. McMullen, G. M. Roberts* and *C. W. Stapp,* for appellant.

*J. K. Thompson* and *A. Q. Jones,* for appellees.

Elliott, J.—The appellant, in his complaint, alleges that he furnished materials for the erection of a building which John S. Morris had undertaken to erect for the appellees, and that notice of his intention to hold a lien was duly given and recorded. The answer of the appellees sets forth the contract with Morris, and a bond executed by the appellant and others to secure the performance of the contract by Morris, the principal contractor. The contract with Morris provided that he should furnish and pay for all materials used in the building; and further provided that the appellees might, at any time, make such alterations in the plan, or work, as they should deem proper.

We have no doubt as to the sufficiency of the answer.

McHenry *v.* Knickerbacker *et al.*

The appellant undertook that the principal contractor should furnish and pay for all materials used in the building, and he can not, in the face of this undertaking, demand compensation for materials furnished at the request of the contractor. It would violate the plainest principles of justice to permit the appellant to enforce a lien, for it would allow him to exact payment for property which he had explicitly promised should be paid for by another.

The reply endeavors to avoid the answer by showing that changes were made by the appellees; but the effort is fruitless. The contract between Morris and the appellees gave them the right to make such changes as they deemed necessary, and they can not be made to suffer for doing what their contract gave them a right to do. If there had been no right to make changes, the decision in *Judah* v. *Zimmerman*, 22 Ind. 388, would exert an important influence; but the contract expressly confers such a right, and hence that case is not relevant to the matter here in dispute.

The effect of the legal principles we have stated is not changed by the fact that the appellant was one of several sureties, for he is precluded from doing what his contract forbids, and so are his co-sureties. No one of them, nor all combined, can enforce payment for materials used in the construction of the building, for the plain and unanswerable reason that they have undertaken that their principal shall pay for all materials and work.

Judgment affirmed.

Filed April 11, 1891.