## CLOSSON *v.* BILLMAN ET AL.

[No. 20,258.   Filed January 7, 1904.]

CONTRACTORS.—*Bond.—Liability of Guarantor.—Material Man's Liens.*— A building contract provided that the contractor should furnish all materials, and called for a bond to complete the work "according to the contract." The building was completed, but the contractor failed to pay for materials, and liens therefor were filed. *Held,* that the guarantor on the bond was liable for the amount of the liens. *pp. 612-615.*

GUARANTY.—*Building Contract.—Bond.*—One who joins with the principal obligor in the signing of a contractor's bond conditioned that the contractor will perform his contract is not a surety but a guarantor. *p. 615.*

GUARANTY.—*Liability of Guarantor on Contractor's Bond.—Material Man's Lien.*—In an action to foreclose a material man's lien on a building, an answer stating facts showing that plaintiff had been a guarantor on the contractor's bond, and that the filing of the lien had raised a liability on such bond, is a sufficient defense in order to avoid a circuity of action.  *pp. 615, 616.*

SAME.—*Notice of Acceptance.*—Where a contract of guaranty is executed contemporaneously with, and as a part of the consideration for, the transaction guaranteed, notice of acceptance is not required.  *p. 616.*

SAME.—*Liability of Guarantor on Contractor's Bond.—Pleading and Proof.*—On the issue as to the liability of a guarantor on a contractor's bond, the burden is on the guarantor to plead and prove an omission to give notice of default, and that he was damaged by reason of such omission.  *p. 616.*

From Cass Circuit Court; *D. H. Chase,* Judge.

Suit by Edgar D. Closson against Marie E. Billman and others. From a judgment for defendants, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901.  *Affirmed.*

*S. T. McConnell, A. G. Jenkines, B. C. Jenkines* and *C. H. Stuart,* for appellant.

*M. B. Lairy* and *M. F. Mahoney,* for appellees.

GILLETT, C. J.—Appellant, by his complaint, sought to establish and foreclose a material man's lien against a lot owned by appellee Marie E. Billman for lumber furnished by him and used in the construction of a dwelling-house on said lot. It appears from said complaint that appellee Charles D. Billman, the husband of his co-appellee, with the knowledge and consent of his said wife, entered into a contract, in his own name, with one Levi A. Worley, to construct and complete said building, and that as her agent he conducted and superintended the construction of said house. It is further shown by the allegations of said pleading that said Worley purchased lumber of appellant to the amount of $863.35, and that such lumber was used in the carrying out of said contract. It is unnecessary to set out the remaining allegations of said complaint.

Appellees answered in five paragraphs, but all of said paragraphs were withdrawn except the fifth. Appellant demurred to said paragraph. His demurrer was overruled, and he excepted, and, as he elected to abide his exception, final judgment was rendered against him. By a proper assignment of error, appellant challenges the sufficiency of said paragraph.

It is charged in said paragraph of answer that defendant Charles D. Billman, acting for his wife, entered into a written contract with said Worley, whereby the latter agreed to furnish and pay for certain materials to be used in the erection of said dwelling, and to construct and complete the same; that as a part of said transaction said Worley, as principal, and plaintiff, as surety, executed and delivered to said defendant Charles D. Billman a bond in the sum of $1,500, for the use of his codefendant, conditioned to build, construct, and complete the residence mentioned in said contract; that the material furnished by plaintiff was material which it was the duty of said Worley under said contract to furnish in the construction of said building, and that said Worley, instead of paying for said material, had permitted the plaintiff to file a lien against said real estate, and thereby violated the terms of said contract, and that, by reason of the breach of said contract, plaintiff, as surety, had become liable on said bond for whatever amount was unpaid on account of the purchase price of said material. Copies of the contract and bond are made exhibits to said answer. The contract, which is dated July 19, 1900, provides that in consideration $1,185 said Worley is to furnish for said Charles D. Billman all lumber, doors, frames, sash, and all other materials for the erection of said house, except for the foundation thereof and certain plate and art glass, and that, upon the completion of the foundation, said Worley is to build and construct said residence in accordance with certain plans and specifications. It is further provided in

said contract that said Worley is to furnish to said Charles D. Billman a good and sufficient bond, with approved security, in the sum of $1,500, for the faithful performance of his (said Worley's) obligation in said contract in the construction and completion of said residence. It is also stipulated in said writing that the contract price is to be paid by said Billman as follows: Forty-four dollars by furnishing a monument, $250 on the presentation of receipted bills for materials furnished and delivered upon said lot, and the balance within thirty days after the completion of said residence. The bond, which is signed by said Worley and appellant, recites that on the 19th day of July, 1900, said Billman and Worley entered into a contract that the latter, in consideration of $1,185, would construct and complete a residence on the lot above mentioned, in accordance with the plans and specifications described in said contract, within a certain time. The bond is conditioned as follows: "Now, if the said Worley shall build, construct, and complete the said residence according to his contract with said C. D. Billman, and according to the plans and specifications herein referred to, and within the limit of time above provided, then this bond shall be null and void, otherwise in full force and effect."

On behalf of appellant it is contended that no breach of the bond is shown, as it is not alleged that said Worley did not construct and complete said house in accordance with said plans and specifications. Although sureties and guarantors are favorites of the law, and are not to be held beyond the limits of their engagements, yet the meaning of language must be the same in construing their contracts as if they were executed by the principals alone. Mr. Brandt, in his work on suretyship and guaranty (2d ed.), §94, says: "The rules for construing the contract of a surety or a guarantor should by no means be confounded with the rule that sureties and guarantors are favorites of the law, and have a right to stand upon the strict terms

of their obligations. There is no legal prohibition against entering into a contract of suretyship or guaranty. For any contract which it is legal to make, it is legal that a surety or a guarantor shall become responsible. In the construction of the contract of a surety or guarantor, as well as of every other contract, the true question is: What was the intention of the parties, as disclosed by the instrument read in the light of the surrounding circumstances? The contract of the surety or guarantor being just as legal as that of the principal, there is no good reason for holding that in arriving at the intention of the parties, one set of rules shall govern when the principal, and another when the surety or guarantor, is concerned. To say that a certain set of words in a contract mean one thing when the principal is defendant, and that the same words in the same contract mean another thing simply because the defendant is a surety or guarantor, is absurd. The meaning of the words is not affected by the fact that the party sought to be charged is principal, surety or guarantor." See, also, *Fink* v. *Farmers Bank,* 178 Pa. St. 154, 35 Atl. 636, 56 Am. St. 746; *Belloni* v. *Freeborn,* 63 N. Y. 383; *Wills* v. *Ross,* 77 Ind. 1, 40 Am. Rep. 279. The doctrine that the same canons of construction are to be applied to the contracts of sureties as in like contracts executed by principals alone has been carried so far as to construe the contracts of sureties *contra proferentem* in cases of ambiguity or obscurity. *Bailey* v. *Larchar,* 5 R. I. 530; *Hoey* v. *Jarman,* 39 N. J. L. 523; Burge, Suretyship, 46.

As the bond in question refers to the contract, the two instruments are to be construed together. *Singer Mfg. Co.* v. *Forsyth,* 108 Ind. 334; *Wright* v. *Griffith,* 121 Ind. 478, 6 L. R. A. 639. The provision of the bond that Worley shall "build, construct, and complete the said residence" would alone seem sufficient to require him to furnish and pay for the necessary materials, so as to deliver them free of lien. *Mackenzie* v. *Board, etc.,* 72 Ind. 189.

When we look to the contract, however, it is plainly provided that he is to furnish the lumber, and the provision concerning the payment of $250 on presentation of receipted bills for materials furnished and delivered upon the lot makes it clear that it was contemplated that he should pay for the materials he was to furnish. The bond provides that Worley is to build, construct, and complete the residence "according to his contract," and it was as much his duty to deliver the house free of liens on account of materials as it was to use materials which belonged to him. To hold, in the face of the bond and contract, that the construction and completion of the building in accordance with the plans and specifications was a compliance with the bond, although the owner would be compelled to pay out large sums in excess of the amount stipulated in the contract, to discharge liens for the purchase price of materials, would be to keep the word of promise to the ear but break it to the hope.

Construing the contract as requiring Worley to pay for the lumber used, the case of *McHenry* v. *Knickerbacker,* 128 Ind. 77, is a precedent directly upholding the conclusion reached by the court below. Appellant was not a surety, although he joined with the principal obligor in the signing of the bond, because his undertaking was that his principal would perform the contract which was collateral to the bond. *LaRose* v. *Logansport Nat. Bank,* 102 Ind. 332; *Furst, etc., Mfg. Co.* v. *Black,* 111 Ind. 308. Appellant was a guarantor, and as such covenanted that his principal would perform the main engagement, or that he (the guarantor) would answer in damages for the default. *LaRose* v. *Logansport Nat. Bank, supra.* It is clear that the principal Worley has failed to perform the building contract in manner and form as appellant contracted should be done, and we are of the opinion that if the answer stated facts sufficient to constitute a good complaint against appellant it should be treated as a suffi-

cient defense to this suit, in order to avoid circuity of action.

We think that the answer disclosed *prima facie* a cause of action against appellant for the failure of his principal to deliver the materials sued for free of lien. The contract of guaranty was executed contemporaneously with, and· as a part of the consideration of, the transaction guaranteed, and notice of acceptance was not required. *Wright* v. *Griffith,* 121 Ind. 478, 6 L. R. A. 639.

The burden was on the guarantor to plead and prove an omission to give notice of default, and that he was damaged by reason of such omission. *Ward* v. *Wilson,* 100 Ind. 52, 50 Am. Rep. 763; *Stanley* v. *Stanley,* 112 Ind. 143. So any further matter which would have been a defense to an action on the guaranty should, if it existed, have been set up in this case by way of reply.

We find no error in the record. Judgment affirmed.