## GEORGE B. SWIFT COMPANY ET AL. *v.* DOLLE, RECEIVER.

### [No. 5,897. Filed March 19, 1907.]

1. MECHANICS' LIENS.—*Contracts to Keep Premises Free from.* —*Subcontractors.*—Where a subcontractor covenanted with his contractor to keep the premises on which the proposed building was to be erected free from mechanics' liens, and the contractor had a similar provision in the contract with the lessee company erecting the building, such subcontractor cannot .enforce a mechanic's lien against either the lessee company erecting such building, or its lessor, but must seek relief from the contractor alone. p. 659.

2. SAME.—*Contracts.*—*Waiver.*—The right to claim a mechanic's lien may be waived by contract. *Reid* v. *Johnson,* 132 Ind. 416, distinguished. p. 661.

3. DAMAGES.—*Liquidated.*—*Contracts.*—Parties to a contract may fix a certain sum to be paid as liquidated damages in case of a breach of such contract. p. 662.

4. SAME. — *Liquidated.* — *Conditions Precedent.* — *Contracts.* — *Failure to Comply with.*—Where a contract between a contractor and a subcontractor provided that for delays occasioned by the subcontractor—which question was to be decided by the architect whose certificate thereof was to be final—the subcontractor should pay such contractor a certain sum per day, such sums cannot be collected except upon the architect's certificate, and, in the absence thereof, the actual damages only are recoverable. p. 663.

5. SAME.—*Nominal.*—*Contracts.*—*Breach.*—Where there is no evidence as to the damages caused by defendant's breach of contract, nominal damages only should be awarded. p. 663.

6. SAME.—*Contracts.*—*To Take Stock.*—*Breach.*—*At What Time Value Should Be Determined.*—Where a subcontractor agrees to take a certain amount of stock in a hotel company as part payment for certain work, it is the duty of the contractor to tender such stock at the completion of such work; and if the evidence fails to show such tender, or a sale of such stock, or what had become of same, the subcontractor should be credited with the par value thereof at the time of such completion, such being the actual value at such time. p. 663.

From Superior Court of Marion County (64,780) ; *Vinson Carter,* Judge.

Suit by Eugene A. Dolle, as receiver of the Ransome Concrete Fire Proofing Company, against the George B. Swift Company and others. From a decree for plaintiff, defendants appeal. *Reversed.*

*H. J. Milligan,* for appellants Claypool and Indiana Hotel Company.

*A. W. Hatch,* for appellant George B. Swift Company.

*Daniel Wait Howe, Guilford A. Deitch* and *Louis J. Dolle,* for appellee.

COMSTOCK, J.—The complaint alleges that Edward F. Claypool was the owner in fee simple, and the Indiana Hotel Company was lessee, in possession under a ninety-nine-year lease, of certain real estate in the city of Indianapolis, Indiana; that in July, 1901, the Indiana Hotel Company entered into a contract with the George B. Swift Company to erect on said real estate a building; that in the same month the Ransome Concrete Fireproofing Company, hereinafter called the Ransome Company, entered into a contract with the George B. Swift Company to furnish the fireproofing for said building; that said Ransome Company did furnish materials and labor for the construction of said building, to the value of $25,000; that in April, 1902, and within sixty days of the date of the furnishing of said materials, the Ransome Company filed in the recorder's office of Marion county its written notice of its intention to hold a lien on said real estate in the amount of $25,000. It further alleges that a reasonable fee for plaintiff's attorney is $1,000, and demands judgment for $28,000, and an enforcement of a lien against the real estate. Afterward, on its petition, the George B. Swift Company was made a party defendant over the objection of the appellee.

The George B. Swift Company, in addition to the general denial, filed a special answer alleging: That on July 3, 1901, it entered into a written contract with the Indiana Hotel Company to build for it an eight-story fire-proof

hotel and business building; that on July 19, 1901, the George B. Swift Company entered into a contract with the Ransome Company, whereby it agreed to provide, deliver and place in position all materials and perform all work mentioned in the specifications and drawings referred to in said contract for the Ransome Company, a copy of which contract was made a part of the answer; that it was provided in said contract that the labor was to be performed and materials furnished by the Ransome Company, and the several portions of the work completed at certain times as the building would be ready for the work; that time was of the essence of the contract, and that as the various branches of the work had to proceed in unison, and each depended upon the other, it was necessary for the work of the Ransome Company to be completed at such times and in such portions as would enable the succeeding portions of work on said building to proceed according to time scheduled, without delay, and that the contract price should be lessened by the sum of $50 per day for each and every day of delay in the completion of the work beyond the specified date provided in said contract. It is further alleged that it was provided in said contract that upon failure of the Ransome Company to supply a sufficient number of skilled workmen, or to furnish machinery, tools or other like necessaries, or in any respect to prosecute the work with promptness and diligence, the George B. Swift Company could take charge of the work and complete the same; that within two weeks after this date the Ransome Company should execute to the George B. Swift Company a satisfactory surety bond in the sum of $50,000, to secure the faithful performance of its contract; that the Ransome Company failed to perform its contract according to its terms; that it failed to proceed with the work to such an extent that the construction of the building was retarded more than thirty days, and that the George B. Swift Company, the Ransome Company having abandoned the work, took charge of the same, after having

served notice upon the Ransome Company, and completed the contract at an expenditure of $70,000, which was more than $5,000 above contract. price; that the Ransome Company failed to furnish such bond for $50,000, and judgment was demanded against the appellee for the sum of $25,000.

Edward F. Claypool answered by general denial. The Indiana Hotel Company, in addition to a general denial and plea of payment, filed a special answer, in which it set up the contract between the Ransome Company and the George B. Swift Company. It alleged that the Ransome Company did not comply with its contract, and delayed its work to such an extent that the George B. Swift Company took charge of the same; that the Ransome Company, in its contract, agreed to keep the real estate upon which the building was to be erected free of any mechanics' liens, but that it violated said agreement, and allowed a large number of liens to be filed for material put into said·building by said Ransome Company; that in said contract the Ransome Company agreed to accept in payment of $5,000 of the contract price, fifty shares of preferred stock of the Indiana Hotel Company at the par value of $100 per share; that it never took said shares, and, by its failure to carry out said contract, was never entitled to receive said shares; that the Ransome Company violated the terms of its contract by failing to execute the bond for $50,000 which it agreed to execute; that at the time plaintiff's action was begun the Ransome Company was indebted to the Geore B. Swift Company in the sum of $25,000, after allowing it credit for any labor performed or material furnished in the execution of said contract; that at the time the action was begun there was nothing due the Ransome Company, but, on the contrary, on settlement of accounts between the fireproofing company, represented by the appellee, and the George B. Swift Company, allowing credits for materials furnished and labor performed on said building, there would still be

an indebtedness of $25,000 due from said Ransome Company, represented by appellee, to said George B. Swift Company.

In the fourth paragraph of answer the Indiana Hotel Company set out that in the contract between the Ransome Company and the George B. Swift Company it was provided, among other things, that the Ransome Company agreed to keep the real estate described in said contract free from any mechanics' liens, and in the contract between the George B. Swift Company and the Indiana Hotel Company it was provided that the George B. Swift Company would keep the real estate free from any mechanics' liens, alleging that the appellee was not entitled to any relief against the defendant, and that there was no lien upon the real estate in favor of appellee.

The case was tried by the court without a jury, a special finding of facts made, and conclusions of law stated thereon. The assignment of error is that the court erred in its conclusions of law.

The court found that the defendant Claypool is the owner of the real estate, and the Indiana Hotel Company holds the same under a ninety-nine-year lease; that the Indiana Hotel Company entered into a contract with the George B. Swift Company for the erection of the building on said real estate; that said contract was in writing, being the same set forth in the cross-complaint of the George B. Swift Company, and that one of the agreements and conditions of said contract was that the George B. Swift Company would "keep said real estate free from all mechanics' liens;" that the George B. Swift Company made a subcontract with the Ransome Company, being the same contract set forth in the answer and counterclaim of the defendant the George B. Swift Company; that after work had been begun, on the written contract between the George B. Swift Company and the Ransome Company, an oral contract was entered into between them whereby the Ransome Company agreed to

construct the common concrete work about the engine-room and other work, in the execution of the contract of the George. B. Swift Company with the Indiana Hotel Company; that on February 11, 1903, the Ransome Company, excluding all excusable delays, was at least thirty days behind with its work on the contract; that under the terms of the contract, the Ransome Company was to furnish a bond in the sum of $50,000 within two weeks from the date of the contract; that it never furnished the same, although several times requested so to do; that the bond was to secure the faithful and satisfactory performance of the contract with the Ransome Company in all its parts and conditions; that by the terms of the contract between the George B. Swift Company and the Ransome Company the contract between the Indiana Hotel Company and the George B. Swift Company was made a part of the Ransome Company's contract; that one of the agreements and conditions of said contract was that the Ransome Company agreed "to keep said real estate of said owner free of any mechanics' liens," and that the Ransome Company agreed in its contract to pay $50 a day for each day's delay in the performance of its contract; that by the terms of the contract the Ransome Company was to take $5,000 of the preferred stock of the Indiana Hotel Company, and up to February 15, 1903, the stock was worth par, later in the year of 1903 it was worth eighty cents or less, and at the time of the trial was worth fifty cents on the dollar. The court stated the account by charging the George B. Swift Company with the original contract price, $64,000, also charging it $2,240 for concrete work, making a total of $66,240. It credited George B. Swift Company with the net total costs to complete the work, $65,466.04, showing a balance due the Ransome Company of $773.96.

As conclusions of law the court found that the George B. Swift Company was justified in excluding the Ransome

Company from completing the contract on February 15, 1903; that the appellee was entitled to. recover from the George B. Swift Company the sum of $773.96 for work done and the material furnished, and another sum of $500 for attorneys' fees, making a total of $1,273.96; that the appellee was entitled to a mechanics' lien on the hotel property described in the complaint and have the foreclosure thereof. To which conclusions of law and each of them the defendants the Indiana Hotel Company, the George B. Swift Company and Edward F. Claypool, at the time separately and severally excepted.

It is claimed by appellants (1) that the Ransome Company having agreed to keep the property free from liens, cannot file a lien in its own favor; (2) that the

1. Ransome Company being a subcontractor, and knowing that the contract with the general contractor required him to keep the property free from liens, cannot file a mechanics' lien.

Upon the question here involved it is stated in 2 Jones, Liens (2d ed.), §1502, that "if a contractor has agreed not to encumber the property by a lien, or to permit it to be so encumbered by any subcontractor or other person, a subcontractor knowing of the existence of the contract is put on inquiry, and is affected with notice of its contents and stipulations."

Kneeland, Mechanics' Liens, §§136, 137, says: "It has been held that the express stipulation against liens will affect not only the contractor, but all persons acting under him or depending upon the original contract as a basis for their liens, upon the principle that persons agreeing to furnish labor or materials to the original contractor, do so with reference to such original contract in subordination to its provisions." Section 137: "There is no substantial equity in the plea by a subcontractor of a want of knowledge of the conditions of the original contract. He knows

that he is not dealing with the owner, and is presumed to know that the person with whom he deals must have a contract with the owner."

In Boisot, Mechanics' Liens, §746, the law is laid down applicable to contracts of the kind under consideration, and in conclusion it is said: "The general rule to be deduced from these decisions seems to be that a covenant not to assert a mechanic's lien, in order to be binding, must either be express, or be so clearly implied that the mechanic can understand its import without legal advice."

In *Bowen* v. *Aubrey* (1863), 22 Cal. 566, the contract contained the following agreement on the part of Aubrey: " 'Said first party hereby agrees he will not encumber or suffer to be encumbered said building or the lot on which it is erected, by any mechanics' liens or debts of material, labor men, contractors, subcontractors, or otherwise.' " Aubrey sublet the brickwork to the intervener, Craft. Held, that as Craft knew that here was a contract between Aubrey and the appellant and that he was a subcontractor under it, this was sufficient to put him upon inquiry and he is to be considered as affected with notice of the contents of the contract. Held also, that the subcontractor could not acquire any right against the owner in contravention of the terms of the original contract, and that a party may, by agreement, waive a right created by a statute for his benefit.

In *Evans* v. *Grogan* (1893), 153 Pa. St. 121, 25 Atl. 804, a covenant by a contractor to furnish a clear release of liens, and to refund all money the owner may be compelled to pay in discharging any lien, is not a waiver of liens so as to prevent a material man from filing a lien against the property for materials furnished. Cited in *Schroeder* v. *Galland* (1890), 134 Pa. St. 277, 19 Atl. 632, 7 L. R. A. 711, 19 Am. St. 691, as deciding that when the owner and contractor enter into an agreement which contains an express covenant not to file a lien or when such

covenant appears as a necessary implication, neither the contractor nor his subcontractor is entitled to file a lien.

In *Long* v. *Caffrey* (1880), 93 Pa. St. 526, a mechanic, about to erect a building, stipulated in writing with the owner "that no mechanic's lien or other lien should be entered against said building by said Long or the material contractor or workmen." The mechanic cannot file a lien because of a separate agreement entered into by which the owner was to insure the building and the owner did not insure.

In *Dersheimer* v. *Maloney* (1891), 143 Pa. St. 532, 22 Atl. 13, a building contract provided that there should not be any lawful claims against the contractor in any manner from any source whatever for work or material furnished, and that the owner "will not in any manner be answerable * * * for any of the materials or other things used and employed in finishing and completing said works." Held, that such provisions constituted an implied covenant by the contractor that no lien should be filed against the building. A subcontractor was chargeable with notice and was bound by all the stipulations of the original contract and not entitled to file a lien for the material furnished. Citing *Schroeder* v. *Galland, supra.*

In *Scheid* v. *Rapp* (1888), 121 Pa. St. 593, 15 Atl. 652, the covenant of the contractor for work to be done and materials supplied for the erection of a building, that he will not suffer or permit any mechanics' lien or liens to be filed, is a waiver of the right to file or cause to be filed a lien in his own favor, citing *Long* v. *Caffrey, supra.*

The right to a mechanic's lien given by statute to a party furnishing material or performing labor upon a building

2. may be waived. *McHenry* v. *Knickerbacker* (1891), 128 Ind. 77; *Closson* v. *Billman* (1904), 161 Ind. 610; *Miller* v. *Taggart* (1905), 36 Ind. App. 595, and cases cited.

Appellee cites *Reid* v. *Johnson* (1892), 132 Ind. 416, in support of the proposition that a provision in the contract of the original contractor to refrain from filing a lien is not binding upon the subcontractor. In that case the appellant was a contractor employed by the owners of certain land to erect a dwelling-house thereon. The principal controversy arose on the action of the trial court in sustaining a demurrer to a paragraph of the cross-complaint filed by appellant claiming damages for a breach of contract on the part of the defendant in filing a notice of mechanic's lien. No special damages were averred nor did it appear wherein or in what manner or to what extent the appellant was injured, either in his character or in his standing as a contractor. It was held that the sustaining of the demurrer was not reversible error, for at most the paragraph was sufficient for the recovery of only nominal damages. The opinion does not support appellee's claim. In the contract between the Indiana Hotel Company and the George B. Swift Company, the latter agreed that it would keep the real estate free from mechanics' liens. In the contract between the Ransome Company and the George B. Swift Company the former agreed to keep the same real estate free from mechanics' liens. The covenants in each contract as to mechanics' liens is clearly expressed. The court erred in its conclusions of law that the plaintiff was entitled to a mechanic's lien on the hotel property.

It is found by the court that as liquidated damages the Ransome Company should pay to the George B. Swift Company $50 per day for each day's delay; that there was a delay of thirty days at the time the George B. Swift Company took charge of the work; also, that said contract provided that for the purpose of fixing the delay chargeable, the written statement of the architect should be accepted as final and binding upon the parties for the basis of final settlement and deductions for delays. Said written statement of the architect was never

furnished to the Ransome Company, and no damages for delays were suffered by the George B. Swift Company in its final settlement with the owner, Indiana Hotel Company. It is competent for parties to a contract to specify a sum certain to be allowed as damages for the breach thereof. Under the decisions the amount fixed in the contract in suit is liquidated damages, but a condition to the right to such sum was the architect's determination what 4. delays were chargeable to the Ransome Company, and that his determination should be based on the superintendent's daily reports, and that copies of it should be mailed to the Ransome Company. The special findings show that this part of the contract was not complied with, and the George B. Swift Company was not entitled to the credit of $50 per day, but limited to actual damages as established by the evidence.

In the absence of evidence, the damages would be presumed to be only nominal. In the absence of a finding that the George B. Swift Company was injured, 5. substantial damages would not be awarded. One of the provisions of the contract between the Ransome Company and the George B. Swift Company is found as follows:

"The party of the second part hereby agrees to accept from the party of the first part (George B. Swift Company), in full payment of $5,000 of the contract price named herein, fifty shares of the preferred stock of the Indiana Hotel Company at par of $100 per share."

The court further found that at the time of the execution of said contract and up to February 15, 1903, said stock was worth par; that later in the year 1903 it declined in value to eighty cents on the dollar, and is now worth only fifty cents on the dollar. It is claimed by appellant George B. Swift Company that the date at which the value of the stock should be determined

would be the day of the trial, and that at that time there was a loss to the George B. Swift Company, by reason of the Ransome Company's failure to carry out its contract and take the stock, of $2,500; that this $2,500 was the proper charge in favor of the George B. Swift Company against appellee. The record does not show a tender of the stock to the Ransome Company, nor that the George B. Swift Company sold or did not sell it at par, nor does the finding show that the stock was held by the George B. Swift Company.

The Ransome Company is not entitled to a mechanic's lien against the Indiana Hotel Company and the property of Edward F. Claypool.

The judgment is reversed, with instructions to restate the conclusions of law, and render judgment in accordance with this opinion.