## HOOSIER BRICK COMPANY *v.* FLOYD COUNTY BANK ET AL.

### [No. 9,272. Filed May 16, 1917.]

1. APPEAL.—*Exceptions to Conclusions of Law.—Scope of Review.*—Appellant, by excepting only to the conclusions of law, conceded for the purposes of such exception that the facts were fully and correctly found. p. 452.

2. PRINCIPAL AND SURETY.—*Construction of Obligation.—Contractor's Bond.*—Where a contractor's bond guaranteed the construction of a three-story brick building, but also contained a provision obligating the contractor to erect and complete the structure under. the contract in accordance with plans and specifications which provided that the building should be faced with stone, the bondsmen could not avoid any liability growing out of the construction of the brick and stone building on the theory that there was a departure from the contract, since the bond and contract must be construed together. p. 452.

3. MECHANICS' LIENS.—*Right to Waive.*—The right to a mechanic's lien given by statute may be waived. p. 453.

4. MECHANICS' LIENS.—*Agreement Not to Enforce.—Effect.*—One who has agreed that no lien shall be filed or enforced against the property of another cannot himself enforce a mechanic's lien against such property. p. 453.

5. MECHANICS' LIENS.—*Building Contract.—Stipulation against Liens.—Waiver by Surety.*—A guarantor or surety on a building contractor's bond which insures the owner against the filing of a mechanic's lien cannot enforce a mechanic's lien against the property for material furnished the contractor and used by him in erecting the building for the completion of which the bond was given. p. 454.

6. GUARANTY.—*"Guarantor."—Bond to Secure Performance of Contract.*—Where one undertakes that his principal shall perform a contract which is collateral to the instrument executed to secure such performance, he is a guarantor, and not a surety in the legal meaning and application of the latter term. p. 454.

7. GUARANTY.—*Default of Principal.—Defense.—Failure to Give Notice to Guarantor.*—Where a guarantor is called upon to answer for the default of his principal, the omission of, or failure to give, notice of such default is a matter of defense to be pleaded and proven by the guarantor, except in causes governed by commercial rules. p. 454.

8. CORPORATIONS.— *Guaranty.— Ultra Vires Acts.— Liability.*— Where a corporation engaged in the manufacture of brick

executed a bond with a building contractor securing the performance of a contract not to permit the filing of liens for labor or material under an arrangement with the contractor that he purchase from the corporation the brick to be used in the construction of the building, and the brick was so purchased and used, the corporation could not escape liability under the bond on the ground that its act was *ultra vires.*    p. 454.

From Floyd Circuit Court; *Charles D. Kelso,* Special Judge.

Action by the Hoosier Brick Company against the Floyd County Bank and Joel E. Conda. From a judgment for the bank, the plaintiff appeals. *Affirmed.*

*Charles L. Jewett, Henry E. Jewett, Floyd A. Deahl* and *Louis M. Hammerschmidt,* for appellant.

*Stotsenburg & Weathers* and *Walter V. Bulleit,* for appellees.

FELT, C. J.—This is a suit by appellant to foreclose a mechanic's lien for brick furnished by it and used in the construction of a building in New Albany, Indiana, belonging to appellee Floyd County Bank. Appellee Conda did not defend, and hereafter all references to answers are to the answers filed by appellee bank.

From a judgment in favor of appellee Floyd County Bank, hereafter referred to as the bank, appellant appealed to this court and has assigned errors questioning the correctness of the rulings of the trial court: in overruling appellant's motion to strike out certain parts of the amended fourth, of the amended fifth and of the additional sixth paragraph of amended answers; in overruling separate demurrers to the fourth, the fifth, and the sixth additional paragraphs of amended answers; in sustaining the demurrer of the bank to appellant's second paragraph of reply to the fourth, the fifth and the sixth paragraphs of amended answer; in each of the second, third, fourth, fifth, and sixth conclusions of law stated on the facts specially found by

the court; in overruling appellant's motion for a new
trial.

The case was tried on an amended complaint in one
paragraph, an answer by the bank in seven paragraphs
and a reply of general denial by appellant to each of
the special answers. The first paragraph of answer
is a general denial, the second and third allege pay-
ment by each of the appellees, respectively. The fourth
in substance alleges that appellant is estopped to assert
or enforce a lien on the property of the bank because
it was surety for appellee Conda, the contractor, on the
bond given by him to secure the full performance of
his contract wherein he promised to provide and pay for
all material and labor for the completion of the work
covered by his contract in accordance with such con-
tract and the plans and specifications agreed on by and
between the bank and said Conda; that he would not
suffer or permit any lien to be taken or filed against
the property of the bank, and that in case any lien for
labor or material used in said work was so filed the
contractor should promptly pay and discharge the same;
that by mutual mistake of the parties and of the
scrivener who wrote said bond the aforesaid building
was therein described as a brick building at the north-
east corner of Vincennes and East streets, when in
truth and fact the building was to be erected at the
southeast corner of the crossing of such streets and was
to be a brick and stone building, and the parties to said
bond so understood and intended it to be so described
in the bond; that to induce the brick company to exe-
cute said bond the said contractor promised to buy from
it the brick to be used by him in said work and in pur-
suance of such agreement the brick company executed
the bond and thereafter said Conda purchased from
it the brick used in said building in accordance with
the aforesaid agreement. The proposition of said

Conda, the contract and bond are set out with and made a part of this paragraph of answer. The proposition provides that: "The only thing to be changed from the original specifications is the outside face of Walls on the Vincennes and Spring street sides which is to be changed from pressed brick to case stone as well as all Bedford stone trimming." The contract provides that the contractor "shall and will provide all the materials and perform all the work mentioned in the specifications and shown on the drawings prepared by said architect for the erection of a building * * * according to plans and specifications and proposition made." The bond obligated the contractor to erect and complete the building "according to the plans and specifications as agreed upon to date" and not to "suffer or permit any person, partnership, firm or corporation to take or hold any lien upon said building, or against said Floyd County Bank for material and labor furnished in construction of said building, and that if a lien is taken the said J. E. Conda shall promptly pay and dismiss the same." The fifth paragraph was drawn on the same theory as the fourth paragraph of answer except it was a partial answer as to 62,500 bricks alleged to have been furnished Conda before he abandoned the contract. The sixth paragraph is on the same general theory as the fourth, and also avers that the brick company is liable on the bond for whatever amount remains unpaid for the brick used in the building. The specifications are made a part of this paragraph and describe the building as located at the southeast corner of Vincennes and Spring streets. The seventh paragraph alleges that the notice of a mechanic's lien was not filed within the time required by the statute.

The substance of the second paragraph of reply to which a demurrer was sustained is that the plaintiff is a manufacturing corporation organized solely for the

manufacture of brick; that the aforesaid bond was executed in the name of the Hoosier Brick Company by Arthur Hegewald, its manager, without authority from the directors or stockholders and the company had no power or authority to enter into any contract as surety or guarantor.

The special finding of facts, omitting formal and general statements which are not in dispute, is in substance as follows: That the bank was preparing to erect a building in which to conduct its business, and on May 30, 1908, defendant Conda submitted a proposition to do all excavating, foundation work, masonry, concrete, tiling, paving, sidewalks, marble and brick work, and to furnish and pay for all material necessary therefor, according to plans and specifications, for the sum of $4,000; that the original specifications therefor required the north and west walls of said building to be of pressed brick, but said Conda proposed to construct them of pressed stone; that on June 4, 1908, the bank accepted said proposition and accordingly entered into a contract with Conda, whereby he agreed to perform said work and complete the building in accordance with the terms of said proposition, plans and specifications as modified by said proposition; that Conda executed a bond to the bank conditioned that he would erect and complete the building according to the contract heretofore entered into and according to the plans and specifications as agreed upon to date, and that he would not suffer or permit any lien to be taken or held against said building for material or labor used in constructing the same; that plaintiff and two individuals became sureties on such bond; that Conda agreed to buy from plaintiff the brick to be used in constructing said building and in consideration thereof plaintiff, the brick company, agreed to become such surety; that the bond so

450    APPELLATE COURT OF INDIANA,

Hoosier. Brick Co. *v.* Floyd County Bank—64 Ind. App. 445.

given was intended by the parties to secure the performance of the contract in constructing the building described in the plans and specifications as modified by said proposal of Conda, being the same building actually erected on the real estate of the bank by Conda, but by mutual mistake of the parties and the scrivener who drew said bond, the building was therein described as a brick building instead of a brick and artificial stone building; that Conda contracted with plaintiff, the brick company, to furnish the brick needed in constructing the aforesaid building and in pursuance thereof plaintiff furnished him at said building 62,531 bricks, which were worth $8.50 per thousand or $531.25; that the brick were so delivered prior to August 26, 1908; that on August 26, 1908, Conda abandoned said contract, discontinued work on the building and left the State of Indiana, and failed and refused to complete the work covered by this contract; that thereafter the architect, one Hillerich, acting for the bank, completed the building according to the requirements of Conda's contract, at the expense of the bank, and in so doing ordered from plaintiff, the brick company, 41,374 bricks of the value of $351.68; that the same were furnished and used in the building, the last of which were delivered on September 28, 1908, and were necessary to complete the building in accordance with the contract of said Conda and were so used; that plaintiff has not been paid for said brick or any part thereof, and on November 18, 1908, it filed in the recorder's office of Floyd county, Indiana, notice of a mechanic's lien on the real estate of the bank and the building so erected thereon as aforesaid for $882.93, which notice was duly recorded; that this suit was begun within one year from the date of the filing of said notice; that plaintiff employed an attorney whose services in this suit are reasonably worth $125; that the total payments made by

said bank before and after Conda abandoned his contract exceed the contract price for the work covered by his contract; that all the brick used in said work were charged to Conda on the books of the brick company; that Conda at the time he entered into said contract and at all times subsequent thereto was, and now is, insolvent, and has no property subject to execution.

On the foregoing finding of facts the court stated its conclusions of law in substance as follows: (1) Plaintiff is entitled to a personal judgment against Joel E. Conda for $531.25, with interest from August 26, 1908; (2) plaintiff is not entitled to a lien against the property of the Floyd County Bank for brick furnished said Conda; (3) plaintiff is not entitled to recover from said bank for any brick furnished by it and used in said building: (4) plaintiff is estopped from enforcing its said lien against the property of the Floyd County Bank aforesaid; (5) that plaintiff take nothing as against said bank in this suit and the bank recover from plaintiffs its costs herein. The appellant excepted to the second, the third and the fifth conclusions of law.

Appellee insists that no questions are duly presented by appellant's briefs, because under points and authorities appellant has only stated general abstract propositions of law and has not definitely applied any of such propositions to any alleged error relied upon for reversal. The briefs are not in strict compliance with the rules and some of the statements are too general and indefinite to aid the court in ascertaining and deciding the error or errors relied on for reversal, but nevertheless by a liberal construction of the briefs we find such substantial compliance with the rules as will enable the court to ascertain and decide the principal questions involved in the controversy.

Appellant contends that the court erred in its conclusions of law because: (1) Sureties are favorites of the

law and their liability is not to be extended by implication beyond the terms of their contracts; (2) sureties are not bound by changes in the contract unless they have consented thereto, and then only when the changes or alterations are made in strict compliance with the contract or agreement therefor; (3) that if there is any conflict in the terms of the bond and the contract the performance of which it is given to secure, the provisions of the bond control; (4) that "to ascertain the intentions, regard must be had to the nature of the instrument, the circumstances under which it was executed and the object which the parties had in view." There is no substantial controversy about the foregoing propositions, but the parties differ as to their application to and effect upon the case at bar.

Appellant asserts that the provisions of the bond for the construction of "a three-story brick building" relieve the bondsmen from any liability growing out of the construction of a brick and stone building as found by the court.

By excepting to the conclusions of law, appellant conceded for the purposes of such exception that the facts are fully and correctly found. The court found that the bond was intended by all parties thereto to secure the performance of the work described in the plans and specifications as modified by the proposition of the contractor and that the building so mentioned and described is the building actually erected by the contractor on the real estate of the bank; that the bond required the building to be completed according to the contract and the plans and specifications as agreed to up to that date; that the contract bound the contractor to complete the building in accordance with the terms of the proposition of the contractor, and the plans and specifications as modified by such proposition. Thus it appears that the bond

contains a reference to the contract which requires the work to be done according to the plans and specifications as modified by the proposition or bid in which the change in the facing of two sides of the building is described. A bond and contract so executed and containing such provisions should be construed together, and when so construed, under the facts of this case, there is no basis for the contention that the bond did not bind the sureties for the completion of the building as described by the proposition, contract and specifications above set forth. *Williams* v. *Markland* (1896), 15 Ind. App. 669, 671, 44 N. E. 562; *Dunlap* v. *Eden* (1896), 15 Ind. App. 575, 579, 44 N. E. 560; *Closson* v. *Billman* (1903), 161 Ind. 610, 613, 614, 69 N. E. 449; *Singer Mfg. Co.* v. *Forsyth* (1886), 108 Ind. 334, 338, 9 N. E. 372; *Aetna Indemnity Co.* v. *Indianapolis, etc., Fuel Co.* (1912), 178 Ind. 70, 72, 98 N. E. 706; *Greenfield Lumber, etc., Co.* v. *Parker* (1902), 159 Ind. 571, 574, 65 N. E. 747; *State, ex rel.* v. *Heim* (1914), 58 Ind. App. 654, 108 N. E. 776; 9 Cyc 580-582.

In view of the foregoing conclusion, we are not called upon to decide whether the mention of a brick building in the bond and the specifications followed by the erection of a brick and stone building would of itself amount to such a change as would relieve the bondsmen of the contractor from liability in a case where they were otherwise liable.

The following propositions are established as the law in this State: (1) The right to a mechanic's lien given by statute may be waived. (2) One who has agreed that no lien shall be filed or enforced against the property of another cannot himself enforce a mechanic's lien against such property. (3) The foregoing proposition is applicable to a surety or guarantor on the bond of a building

contractor, containing such provision, where such
5. guarantor has furnished material used by the
contractor in erecting the building for the completion of which such bond was given. (4)
6. Where one undertakes that his principal shall perform a contract which is collateral to the instrument executed to secure such performance, he is a guarantor, and not a surety, in the legal meaning and application of the latter term. (5) Where a guarantor is called upon to answer for the default of his
7. principal, the omission of, or failure to give, notice of such default is a matter of defense to be pleaded and proven by the guarantor, except in cases governed by commercial rules. *Closson* v. *Billman, supra; McHenry* v. *Knickerbacker* (1891), 128 Ind. 77, 27 N. E. 430; *Miller* v. *Taggart* (1905), 36· Ind. App. 595, 599, 76 N. E. 321; *Furst, etc., Mfg. Co.* v. *Black* (1887), 111 Ind. 308, 313, 315, 12 N. E. 504; *LaRose* v. *Logansport Nat. Bank* (1885), 102 Ind. 332, 339, 1 N. E. 805; *Geo. B. Swift & Co.* v. *Dolle* (1906), 39 Ind. App. 653, 659, 661, 80 N. E. 678.

In the case at bar the exceptions to the conclusions of law present practically the same questions as those presented by the assignments of error relating to the overruling of the demurrers to the several special answers. *Guynn* v. *Wabash, etc., Trust Co.* (1912), 53 Ind. App. 391, 392, 101 N. E. 738. We therefore conclude that the court did not err in its conclusions of law or in overruling the several demurrers to the special answers of the bank.

The averments of the special answers show that the brick company executed the contractor's bond under an arrangement intended to be beneficial to it by
8. insuring the sale of the brick required for the completion of the work covered by the contract;

that the brick had been so sold and used and the building completed. The second paragraph of the reply to such answers seeks to relieve the brick company from the consequences of signing such bond by showing that the act was *ultra vires* and the instrument void as to the brick company. Conceding the act to be *ultra vires*, on the facts of this case, appellant cannot be relieved from the consequences that follow the execution of the bond. *Wittmer Lumber Co.* v. *Rice* (1899), 23 Ind. App. 586, 589, 55 N. E. 868; *State Life Ins. Co.* v. *Nelson* (1910), 46 Ind. App. 137, 138, 92 N. E. 2; *Breinig* v. *Sparrow* (1906), 39 Ind. App. 455, 462, 80 N. E. 37; *Flint, etc., Mfg. Co.* v. *Kerr, etc., Mfg. Co.* (1899), 24 Ind. App. 350, 357, 56 N. E. 858; *Wright* v. *Hughes* (1889), 119 Ind. 324, 331, 21 N. E. 907, 12 Am. St. 412. There was no error in sustaining the demurrer to the second paragraph of appellant's reply.

The other questions mentioned as far as presented show no reversible error. *Ohio Valley Trust Co.* v. *Wernke* (1912), 179 Ind. 49, 54, 99 N. E. 734; *Indianapolis Traction, etc., Co.* v. *Miller* (1912), 179 Ind. 182, 100 N. E. 449. The case seems to have been fairly tried and a correct result reached under the facts of the case. Appellant was deprived of no substantial right affecting the merits of the case. *Bronnenberg* v. *Indiana Union Traction Co.* (1915), 59 Ind. App. 495, 500, 109 N. E. 784. No reversible error is shown. Judgment affirmed.

NOTE.—Reported in 116 N. E. 87. Principal and surety: (a) right of a surety on a contractor's bond to assert a mechanic's lien on the property, 21 Ann. Cas. 995; (b) surety or guarantor, Ann. Cas. 1914D 627, 105 Am. St. 519. Mechanic's lien: stipulation in contract against filing, effect as to contractor, Ann. Cas. 1913E 562. See under (6) 20 Cyc 1400; (7) 20 Cyc 1465; (8) 10 Cyc 1156,