DOWNEY ET AL. *v.* PEOPLES STATE BANK.

[No. 15,061.   Filed March 27, 1935.   Rehearing denied June
28, 1935.   Transfer denied November 18, 1935.]

*Cox, Conder, Bain & Cox,* for appellants.

*L. R. Zapf,* for appellee.

DUDINE, P. J.—This was an action instituted by appellee against appellants and Melvin Abbott and Louise Abbott upon an alleged written guaranty executed by the appellants and by said Melvin Abbott and Louise B. Abbott, by the terms of which the signatories guaranteed to appellee the payment of loans to be made by appellee to Central Lien Corporation.

The complaint alleged the execution of the guaranty agreement, and the lending of $50,825.00 by appellee to said Central Lien Corporation in reliance upon said guaranty agreement, and prayed judgment against appellants, and said Abbott and Abbott.

Appellants Ruick and Ruick and appellants Downey and Downey filed separate answers in general denial. Service was not obtained upon defendants Abbott and Abbott, and the cause was continued as to them.

The cause as to appellants was submitted to the court for trial and the court found for appellee and rendered judgment against appellants in the sum of $57,350.46.

Thereafter appellants Downey and Downey filed a motion for new trial, which was overruled, whereupon this appeal was perfected by appellants Downey and Downey alone, the sole error assigned being error in overruling said motion for new trial.

Appellant Nellie B. Downey is the wife of appellant Brandt C. Downey.

Appellants Brandt C. Downey and Nellie B. Downey will be referred to when the word "appellants" is hereafter used, unless otherwise designated.

Several causes for new trial are set forth in said motion therefor, including the alleged causes that the decision is not sustained by sufficient evidence, and that the

decision is contrary to law. All the legal questions discussed in appellant's brief are duly presented under said two alleged causes for new trial. It will therefore be unnecessary to discuss said other alleged causes for new trial.

The evidence shows the execution of said guaranty agreement on April 25, 1928, by all of said defendants. So much of said agreement as we think is necessary to be incorporated into this opinion is as follows:

"April 25, 1928.

"To The Peoples State Bank,
Indianapolis, Indiana.

Gentlemen:

"In consideration of your making loans and advances and giving credit to the CENTRAL LIEN CORPORATION on the terms and conditions as hereinafter set out, we guarantee to you the payment of all moneys which shall be due to you from said Central Lien Corporation on said loans, advances and credits or in any manner connected with and growing out of the same.

"This guarantee shall extend to and cover only such obligations, notes, bonds, trade acceptances and other evidences of indebtedness as shall be duly signed, executed and delivered by the properly constituted officials of said CENTRAL LIEN CORPORATION. Evidence of who shall constitute said officials properly constituted and empowered to negotiate said loans, advances and credits, and sign, execute and deliver said instruments covering and evidencing the same shall be set forth in a resolution or written statement of the CENTRAL LIEN CORPORATION, a certified copy of which shall be supplied you for such purpose.

"This guaranty shall be a continuing guaranty to all such future advances, credits and loans as shall be made to said CENTRAL LIEN CORPORATION, in accordance with the provisions hereof, during the life of this guaranty, and it shall not be considered as wholly or partially satisfied by the payment at any time of any sum of money or the time being due upon such instruments and evidences of indebtedness. But it shall extend to and

be a security for any future sum or sums of money as are contemplated hereunder until notice to the contrary shall be given. . . .

"We further agree, collectively and severally, that the amount or amounts hereby guaranteed shall be due and payable to you at the expiration of ten days after notice requiring such payment shall have been served on each of us so served and that the posting of a letter by the regular United States mail to our last and usual address, business or residential, shall constitute such a service of notice hereunder. . . ."

The evidence further showed the lending by appellee to Central Lien Corporation of $14,500.00—evidenced by a note dated December 8, 1930, maturing January 7, 1931, and $36,375.00, evidenced by a note dated December 10, 1930, maturing January 9, 1931. The notes were signed as follows:

> "Central Lien Corporation,
> By M. J. Abbott, President,
> By A. L. Case, Treasurer."

Appellants call attention to the following provision in the guaranty agreement:

"Evidence of who shall constitute said officials properly constituted and empowered to negotiate said loans, advances and credits, and sign, execute and deliver said instruments covering and evidencing the same shall be set forth in a resolution or written statement of the Central Lien Corporation, a certified copy of which shall be supplied you for such purpose."

With reference to said provision, appellants contend the evidence does not show that evidence of who should be empowered to negotiate said loans, was "set forth in a resolution or written statement of the Central Lien Corporation," and therefore the loans did not come within that provision and were not covered by the guaranty agreement.

The evidence did show that appellee relied, in that respect, on a written instrument delivered to it by the officers of said corporation. So much of said instrument

as we think is necessary to be incorporated in this opinion is as follows:

## "Central Lien Corporation Borrowing Authority
### Authority to Borrow

"We, M. J. Abbott and A. L. Case, President and Treasurer respectively, of 'Central Lien Corp. Company,' do hereby certify that at a regular meeting of the Board of Directors of said Company regularly and properly called and held in the office of the company, Indianapolis, on the 31st day of Dec., 1929, at which meeting a majority of the Directors were present, a resolution of which the following is a true and correct copy was unanimously adopted by the Board of Directors of said Company, to-wit:

"RESOLVED, that M. J. Abbott, as President, or A. L. Case, as Treasurer, of this Company be and are hereby authorized to borrow from The Peoples State Bank of Indianapolis, Indiana, for the use and benefit of this company, such sum or sums of money *as they* now consider necessary or desirable and in the name of this company to execute and deliver this company's note or notes evidencing the amount or amounts so borrowed, or evidencing any renewal or renewals of the amount or amounts borrowed, which note shall be dated on such date or dates and shall be payable at such time or times and for such amount or amounts and at such rate or rates of interest as the said officers may determine. . . .

M. J. Abbott, President.
S. K. Ruick, Secretary.

\*   \*   \*   \*   \*

(CENTRAL LIEN)
(      SEAL      )
( CORPORATION )"

Appellants call our attention, however, to the fact that the evidence shows that no meeting of the board of directors of the corporation was had on or about December 31, 1929, and that the board of directors never at any meeting, authorized said loans to be made, and that said board of directors never adopted the resolution set forth in said "Authority to Borrow."

Relying upon said state of facts, appellants contend

"there was a total failure on the part of the plaintiff, appellee here, to require evidence of the character provided for in the guaranty of the fact that the persons purporting to execute the notes of Central Lien Corporation as officials thereof, which constitute the original basis of liability of guarantors, defendants below, appellants here, as required by the guaranty; . . . Therefore, because of failure to show the discharge of the condition precedent, upon the happening of which the guarantors had agreed to become liable, there was a failure of proof upon the part of the plaintiff, as a result of which the defendants should have been held not liable to the plaintiff on their guaranty and the decision of the trial court was not sustained by sufficient evidence and was contrary to law."

The evidence showed further that appellant Brandt C. Downey was a director and the treasurer of the corporation in 1929; that he resigned as treasurer on December 30, 1929, but remained a director until after said loans were made; that said Melvin Abbott did practically all the banking business for the corporation; that he had negotiated the loan in question; that he was president of the corporation and A. L. Case was treasurer of the corporation when the loans were made; that the signatures on the notes were the signatures of said president and said treasurer; that the officers of the corporation delivered said "authority to borrow" to the bank at or about the time the loans were made; that the money went into the treasury of the corporation; that the loan transactions were frequently discussed in directors' meetings; that the $14,450.00 note shows credits in the total sum of $2,815.64 entered after it matured; that said credit entries show credits "by checks" by the officers of said corporation in total amounts as follows: S. K. Ruick, $175.00, M. J. Abbott, $135.00, A. L. Case, $135.00, B. C. Downey, $222.50.

Appellants contend they "had the right to prescribe the exact terms upon which they would enter into the obligation and to insist upon their discharge if those terms were not observed," and present other contentions incidental to said contention, with all of which we agree as abstract propositions of law.

We deem it sufficient, however, to say that upon a consideration of the guaranty agreement as a whole, and of the evidence which supports the court's decision, the evidence is sufficient to sustain a finding that the purpose of said agreement was to guarantee to appellee the payment of all moneys due appellee on "obligations, notes, bonds, trade acceptances and other evidences of indebtedness as shall be duly signed, executed and delivered by the properly constituted officials of said Central Lien Corporation, . . . (including) all such future advances, credits and loans as shall be made . . . during the life of this guaranty . . . until notice to the contrary be given" (quotations from guaranty agreement) ; that the provision concerning the furnishing a copy of a resolution or written statement of the corporation as evidence of "who shall be the officials properly constituted and empowered to negotiate said loans," was inserted in the agreement for the benefit of appellee, in that it merely bound the guarantors to furnish such evidence, and that said provision was not intended to, and does not fix, a "condition precedent, upon the happening of which appellants agreed to be bound by the terms of the guaranty" as is contended by appellants.

The money went into the treasury of the corporation, and payments were made on the loans after maturity by the corporation. It is not necessary, in order to warrant a holding that the loans are obligations of the corporation, that we hold that the evidence was sufficient to sustain a finding that the officers of the corporation were duly authorized to obtain

the loan. Acceptance of the money by the corporation, and payments on the loan by the corporation constituted a ratification of the loans by the corporation, and hence we hold that the loans are obligations of the corporation. See *Marion Trust Co., Receiver* v. *Crescent Loan and Investment Co.* (1901), 27 Ind. App. 451, 61 Ind. App. 668; 3 Thompson's Corporations (3rd Ed.), Sec. 1783.

In the absence of evidence to the contrary, the president and treasurer of a corporation are the proper officials to execute notes of a corporation. See 7 R. C. L. 628; *Cushman* v. *Cumberland Coal, etc., Co.* (1908), 170 Ind. 402, 405, 84 N. E. 759; *Baum* v. *Nord* (1928), 88 Ind. App. 674, 164 N. E. 294; 6 Thompson's Corporations, Sec. 7617.

We think the phrase "properly constituted officials" as used in the following provision of the contract, "This guarantee shall extend to and cover only such obligations . . . as shall be duly signed . . . by the properly constituted officials . . .," under the evidence, may reasonably be construed to mean "proper officials"; under the evidence it might reasonably have been found by the court that the parties did not intend by the use of said phrase to limit the guaranty to obligations, etc., executed by officials properly or duly constituted to execute the respective obligations. If they had so intended, it may be presumed that they would have specified in the agreement that the guarantee shall cover only such obligations as shall be executed by officials of the corporation duly *constituted to execute the respective obligations.* Said limitation in the agreement is general as to the obligations, which, it was contemplated, would be executed by "properly constituted officials." No evidence having been introduced showing that the president and treasurer were not "properly constituted officials" within the meaning of the phrase

as used in the contract, we may presume they were such officials, and that the notes came within the provision in the guaranty agreement limiting liability to obligations, etc., which were executed by "properly constituted officials."

With reference to appellant Brandt C. Downey we call attention to the fact·that the evidence showed that he individually had made some payments on these loans, and this fact was entitled to consideration by the trial court in determining his liability or non-liability as a guarantor on said agreement.

Appellants also call our attention to the fact that the guaranty "stipulated that the amounts guaranteed thereby should be due and· payable at the expiration of ten days after notice requiring such payment shall have been served on the guarantors." They call our attention to the fact that there was no proof of the giving of such notice, and contend that such proof "was essential to the maintenance of a cause of action against the guarantors, appellants here."

In *The Furst and Bradley Mfg. Co.* v. *Black et al.* (1887), 111 Ind. 308, 12 N. E. 504, it was held by our Supreme Court that the failure of the guarantee to give notice to the guarantor of the default of the principal debtor is a matter of defense and must be specially pleaded. This court acknowledged and followed that rule of law in *Hoosier Brick Co.* v. *Floyd County Bank* (1916), 64 Ind. App. 445, 116 N. E. 87, and cited several additional authorities in support thereof (p. 454). See *Closson* v. *Billman* (1903), 161 Ind. 610, 69 N. E. 449.

Appellants in their reply brief attempt to discount said authorities for the reason that the notices which should have been given in those cases were simply notices to guarantor of the default of the obligor, while the notice required in the guaranty agreement here involved is notice to guarantor, which fixed the time when

guarantors would become liable. Appellants have given no reason why the rule of law should be different as to the notice provision in the guaranty agreement involved here—and we know of no such reason. We hold that appellee was not required to prove that the notice referred to had been given, hence that the judgment should not be reversed because of the lack of such proof.

We have read the evidence, and hold that it is sufficient to sustain the decision and that the decision is not contrary to law. No reversible error having been shown, the judgment is affirmed.