Francis Gannon's Executors, Appellants, *v.* Central Presbyterian Church of McKeesport, Pa., Owner or Reputed Owner, and D. M. White, Contractor.

*Mechanic's Lien—Subcontractor—Principal and surety—Building contract—Right to file liens.*

A subcontractor, who is also surety of the contractor on a building contract, cannot recover on a lien filed by him against the building where the contract, although not containing any express covenant against filing liens, does provide that "before the last payment is made, all releases must be properly signed by the parties furnishing labor and materials in the building" and that "neither shall there be any legal or lawful claims against the contractor, in any manner, from any source whatever, for work or materials furnished on said works."

Argued Nov. 6, 1895. Appeal, No. 262, October T., 1895, by plaintiffs, from judgment of C. P. No. 1, Allegheny Co., March Term 1894, No. 882, on case stated in favor of defendants. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Scire facias sur mechanic's lien.

The case stated was as follows:

The Central Presbyterian Church of McKeesport, one of the defendants, on May 16, 1892, entered into a written contract with D. M. White, the other defendant, for the erection and construction of a church building, and Francis Gannon, the original plaintiff herein, his executors having been substituted as parties since suit was brought, together with one G. F. Meyer, became sureties to the said Central Presbyterian Church on the bond of said White to said church for the performance of said contract, said bond being indorsed on said contract, of which said contract and bond, a true copy is annexed to the affidavit of defense of said church herein and is made part of this case stated.

That said White did build said church building under said contract according to the plans and specifications therein.

That said Gannon furnished to said White for the erection

and construction of said building, lumber and materials to the value of three thousand six hundred and thirty-eight dollars and twenty-five cents ($3,638.25), being the amount for which the mechanic's lien is filed herein, which amount with interest from June 2, 1893, is the amount claimed by plaintiffs herein.

That said church paid said White in full for the whole contract price of said church before the lien herein was filed and without any release of lien having been filed by said Gannon.

If the court shall be of opinion that upon the foregoing facts the plaintiffs are entitled to recover the said amount claimed by them for said labor and materials furnished by said Gannon, then judgment to be entered for the plaintiffs for three thousand six hundred and thirty-eight dollars and twenty-five cents ($3,638.25), with interest from June 2, 1893.

If the court shall be of opinion that the plaintiffs are entitled to recover, but not to an amount exceeding $2,000 with interest from June 2, 1893, then judgment to be entered for said amount.

But if the court shall be of opinion that the plaintiffs are not entitled to recover, then judgment to be entered for defendants.

The contract after providing for periodical payments to the contractor continued as follows :

" Provided, that in each case of the said payments, a certificate shall be obtained from and signed by the architect, to the effect that the work is done in strict accordance with drawings and specifications, and that he considers the payment properly due ; said certificate, however, in no way lessening the total and final responsibility of the contractor ; neither shall it exempt the contractor from liability to replace work, if it be afterwards discovered to have been done ill, or not according to the drawings and specifications, either in execution or materials ; and provided further, that before the last payment is made all releases must be properly signed by the parties furnishing labor and materials on the building, that he has carefully examined the records and finds no liens or claims against said works, or on account of the said contractor; neither shall there be any legal or lawful claims against the contractor, in any manner, from any source whatever, for work or materials furnished on said works."

The court entered judgment for defendants on the case stated.

*Error assigned* was entry of judgment as above.

*J. McF. Carpenter, Jno. E. Speer* with him, for appellants.—
The effect of a voluntary departure by obligee from the terms
of the contract is to discharge the surety: Stevenson v. Grant,
36 Minn. 439: Rice v. Doyle, 34 Minn. 400; Miller v. Stewart,
9 Wheaton, 680; Hughes v. Ranken, 7 Phila. 175.

If one surety is protected his cosurety must be protected to
the same extent, otherwise injustice will be done: Philips on
Mechanics' Liens, 3d ed. sec. 260.

In the case at bar the contract contained notice that there
might be outstanding liens, and to the extent of $2,000 the
owner retained a cash indemnity. This indemnity inured to
the benefit of the sureties. As to this we think there cannot
be two opinions. Suppose we are wrong as to this, we contend
that inasmuch as the church held a bond with two sureties,
that it would be manifestly unjust to compel Gannon's estate
to bear the entire loss occasioned by the default of White.

*John D. Shafer, Boyd Crumrine* with him, for appellees:
Anschutz v. McGilvary, 32 P. L. J. 166; Kyner v. Kyner, 6
Watts, 221; Graff & Co.'s Est., 139 Pa. 69.

OPINION BY Mr. JUSTICE GREEN, January 13, 1896:

In this case the contract between the original contractor and
the defendants contained the following stipulation, " And pro-
vided further that before the last payment is made all releases
must be properly signed by the parties furnishing labor and
materials on the building, that he (the architect) has carefully
examined the records and finds no liens or claims against said
works, or on account of the said contractor; neither shall there be
any legal or lawful claims against the contractor, in any manner,
from any source whatever, for work or materials furnished on
said works." Of course there is nothing in this stipulation nor
anywhere else in the contract, that would prevent the plaintiff,
in his mere capacity of subcontractor, from filing a lien against
the defendant for work or materials furnished by him. But the
question in controversy arises upon a bond of indemnity made
directly by the plaintiffs' testator, Francis Gannon, and one Gil-
bert F. Meyer as sureties, and David M. White, the original con-

tractor, as principal, the condition of which was "that if the said David M. White shall duly perform said contract then this obligation is to be void, but if otherwise the same shall be and remain in full force and virtue."

The literal performance of the original contract by the contractor, requires that there shall be no lawful claims against the contractor "in any manner from any source whatever for work or materials furnished on said works."

If now the plaintiffs' testator held a claim as a mechanic's lien creditor against the building for work or materials furnished to the contractor and a recovery is permitted on it, his obligation as surety is broken and his estate must immediately make good the loss to the defendant. We held in Benedict v. Hood, 134 Pa. 289, confirmed in Iron Works v. O'Brien, 156 Pa. 172, that where the surety was himself a claimant to a lien on the building the lien could not be sustained because the suretyship must be deemed a waiver of any right of lien in favor of the surety. We have reviewed this subject and followed the same ruling in an opinion just filed in the case of Rynd v. Pittsburg Natatorium, No. 229 Oct. T., 1895, ante, p. 237. While there is some difference in the precise terms of the plaintiff's contract of suretyship between this case and that, there is no substantial difference in the legal effect resulting from both. It is inconsistent that one who agrees to guarantee that there shall be no lawful claims for work or materials furnished to the original contractor, shall himself be permitted to occupy such a position. He cannot be permitted to recover without violating his contract of suretyship, and he must therefore be held to have waived the right to file any lien in the face of his contract. The reasoning in the opinion just filed controls the decision of the present case and therefore need not be repeated.

Judgment affirmed.