MILLER ET AL. *v.* TAGGART ET AL.

[No. 5,678.   Filed November 28, 1905.]

1. MECHANICS' LIENS. — *Contractors. — Bonds.—Sureties.—Materials Furnished by.*—Where a contractor agreed for a gross sum to furnish the materials and erect defendants' house, and the plaintiff sureties contracted to save such defendants harmless from any mechanics' liens and any liability caused by such contractor's default, such sureties can not enforce a mechanic's lien for materials furnished by them to such contractor and used in such house.   p. 598.

2. PLEADING. — *Reply. — Contracts.—Consideration.—Sustaining Demurrer to Paragraph When Facts Provable under Another.* —Where a paragraph of answer declared upon a written under-taking by plaintiffs to save defendants harmless from any mechanics' liens which might be filed against them, or other damages caused by a contractor's failure to discharge his contract for the construction of a house, and such undertaking and the building contract set out in such answer showed the consideration, it was harmless error to sustain a demurrer to a paragraph of reply showing a want of consideration, a general denial already filed casting the burden of proving a consideration upon defendants.   p. 599.

From Elkhart Circuit Court; *Francis D. Merritt,* Judge.

Suit by Isaiah Miller and another against Quimby N. Taggart and others.   From the decree rendered, plaintiffs appeal.   *Affirmed.*

*Frank H. Dunnahoo, Anderson, Du Shane & Crabill* and *Harry R. Wair,* for appellants.

*Talbot & Talbot, Deahl & Deahl* and *C. P. Ducomb,* for appellees.

BLACK, P. J.—The appellants, as partners, sued the appellees and Charles Steinke to recover the value of certain materials furnished by the appellants to Steinke, under a contract between him and the appellants, to be used by him, and which were used by him, in the construction and building of a dwelling-house upon a certain lot in South Bend,

Indiana, alleged in the complaint to be owned by the appellees Quimby N. Taggart and Lizzie, his wife, Steinke being the contractor to build the house for the Taggarts, and to foreclose a mechanic's lien on the real estate, the other appellees being made defendants as pretended holders of interests alleged to be inferior to that of the appellants. A judgment for a certain sum was recovered by the appellants against Steinke, and he is not a party to this appeal. The court adjudged that the appellants were not entitled to a lien, and rendered judgment against them for costs.

The questions properly before the court relate to the second paragraph of the answer of Quimby N. Taggart, a demurrer to which was overruled, and to the third paragraph of the reply of the appellants to that paragraph of answer, a demurrer to the third paragraph of reply having been sustained.

In the second paragraph of the answer of Quimby N. Taggart it was in substance shown that he was the owner of the real estate in question. September 19, 1901, he entered into a contract in writing with Steinke for the erection of the house mentioned in the complaint, a copy of this contract being set out in the answer. Steinke wholly failed to comply with or perform this contract, but refused to do so, and left the State of Indiana. Said defendant "has complied with and performed all the provisions and agreements on his part to be performed, and contained in said contract." After the making of this contract the appellants, to secure and insure to said defendant the performance and fulfilment by Steinke of said contract, on September 20, 1901, entered into an undertaking, set out, being a bond executed by Charles Steinke, as principal, and the appellants as sureties, to appellee Taggart in the sum of $1,000, conditioned as follows: "The condition of the above obligation is such that, whereas, by certain articles of agreement bearing date September 19, 1901, between the above-bounden principal and the

above-named obligee, said principal has contracted to build
for the obligee a dwelling-house, on," etc. (describing the
real estate in question), "according to certain plans and
specifications referred to and made a part of said contract;
and whereas, on the treaty of said contract it was mutually
agreed said principal should enter into the above-written
bond as an additional security to said obligee for the due
performance of said articles of agreement and each and all
of the covenants and agreements contained therein, and for
the purpose of saving harmless said obligee from any and
all liability and damage and injury on account of the fail-
ure, if any, on the part of said principal to comply with
said contract or any part thereof, and for the purpose of
saving harmless said obligee from any and all mechanics'
liens which may be placed upon said house and the land
whereon it is situated.    Now, if said Charles Steinke
shall perform all the covenants above mentioned and in
contract, then this obligation shall be void; otherwise, to
remain in full force and effect."    It was further alleged
that when Steinke refused and failed to comply with or
complete his said contract, said appellee served upon the
appellants a notice in writing, a copy of which was set
out, being a notice dated November 13, 1901, from this de-
fendant to the appellants, that Charles Steinke had aban-
doned the work and completion of, and the performance of,
his contract entered into with said appellee for the erec-
tion of a certain house, "the completion and performance
of which you have secured to me by your bond.    You
are hereby notified to complete said house and contract,
or that, in default of your doing so, I will complete it and
hold you for the damage I may suffer."    It was alleged
that the appellants wholly disregarded and ignored this
notice, and failed and refused to complete said house, or
to take any steps or do any acts or things in connection
with or under or in reference to the performance of said
contract, and that said appellee was then compelled to

and did take charge of and complete the structure, at a cost to him in excess of the contract price of the same, as provided in said contract, in the sum of, etc. Wherefore, etc.

While it is alleged in this answer that the contractor wholly failed to comply with or to perform his contract for the construction of the building, but refused to

1. comply with or to perform it, and left this State, and that the answering defendant was compelled to and did take charge of the structure and complete it, it is not otherwise denied that the appellants furnished the materials, as alleged in the complaint for the house, to the contractor, and that they entered into its construction. It is shown that the owner notified the appellants that the contractor had abandoned the work and completion of and the performance of his contract, and notified the appellants to complete the house and contract, and it is alleged that the owner took charge of the structure and completed it. We will treat the pleading as not intended to deny the material averments of the complaint, but as seeking to avoid the cause of action therein stated by the new matter stated in the answer. This we may do, construing the pleading most strongly against the pleader.

The contract between the owner and the contractor, Steinke, contained a provision that the latter should provide all the materials and perform all the work mentioned in the specifications and shown on the drawings prepared by the architects for the erection and completion of the building, and the contract made provision for the payment by the owner to the contractor for the work and materials in a certain aggregate sum.

The bond, whose condition is quoted above, not only purports to have been given for the due performance of the articles of agreement between the owner and the contractor, and for the purpose of saving the owner harmless from any and all liability and damage and injury on account of any

failure on the part of the contractor to comply with the building contract, but also expressly purports to have been given for the purpose of saving the owner harmless from any and all mechanics' liens that might be placed upon the property.

Having thus obligated themselves to the owner, the appellants can not be permitted to enforce a mechanic's lien filed by themselves to secure payment for materials sold by them to the principal obligor, for use in the building contemplated in the bond. This conclusion is well sustained by *McHenry* v. *Knickerbacker* (1891), 128 Ind. 77. See, also, *Closson* v. *Billman* (1904), 161 Ind. 610; *Interior Woodwork Co.* v. *Prasser,* (1901), 108 Wis. 557; 84 N. W. 833; *Rynd* v. *Pittsburg Natatorium* (1896), 173 Pa. St. 237, 33 Atl. 1041; *Gannon's Executors* v. *Central Presbyterian Church* (1896), 173 Pa. St. 242, 33 Atl. 1043.

In the third paragraph of reply to this second paragraph of answer the appellants admitted the execution by them of the bond mentioned in the answer, but alleged that the bond was executed by them without any consideration. The first paragraph of this reply was a general denial. The bond referred to the articles of agreement set out in the answer, and purported to be given as an additional security for the performance thereof and for the purpose of saving the obligee harmless from mechanics' liens; and the bond expressly stated that in the treaty for that contract it was mutually agreed that the contractor should give the bond for such purposes. The bond, with the written agreement referred to therein, showed the consideration, and the answer sufficiently indicated the consideration for the contract on which it was based. The reply in denial placed the burden of establishing the consideration upon the party thus relying upon the written contract in his answer. The further denial of a consideration in the third paragraph of reply was unneces-

sary, and there could be no available error in sustaining the demurrer to that paragraph. *Butler* v. *Edgerton* (1860), 15 Ind. 15; *Nixon* v. *Beard* (1887), 111 Ind. 137; *School Town of Milford* v. *Powner* (1891), 126 Ind. 528; *Kennedy* v. *Swisher* (1905), 34 Ind App. 676.

Judgment affirmed.