# Salig, Appellant, *v.* United States Life Insurance Company.

*Insurance—Life insurance—Policy held as security for loan— Forfeiture of policy.*

Where a life insurance policy is held by the insurance company as collateral security, and the policy and assignment thereof contain a condition that the policy may be forfeited for the nonpayment of the principal and interest according to the terms and conditions of the note, and it appears that the amount of the note was the exact loan value, and also the surrender value of the policy, the company has the right, after a default on the note, to cancel the policy, if it appears that the insured made no effort

to redeem the policy or prevent its cancellation, ignored repeated notices from the company, and declared to other parties that he had cashed in the policy.

Argued April 24, 1912. Appeal, No. 154, Jan. T., 1912, by plaintiff, from judgment of C. P. Erie Co., Nov. T., 1910, No. 17, for defendant on case tried by the court without a jury in suit of Minnie C. Salig, Executrix and Rudolph H. Beers, Executor of the last Will and Testament of Mary H. Dash, deceased, v. United States Life Insurance Company. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a policy of life insurance.

WALLING, P. J., filed the following opinion:

This is an action by the beneficiary upon a life insurance policy, in which the defense set up is that the policy had been cancelled in the lifetime of the assured on account of the non-payment of a loan secured thereon by him. The case was tried before the Court. The facts are found as follows, viz:

1. On September 22, 1898, the defendant issued a ten-payment life policy to John A. Dash, of Erie, in which his wife is named as beneficiary. The annual premium on said policy being $336.85. The policy is in evidence marked Ex. "A."

2. Mr. Dash paid the ten premiums as provided in the policy, and thereafter on March 20, 1909, obtained a loan from defendant on said policy of $2,696.55, that being the full loan value as shown by endorsement on back of the policy. At which time he gave defendant a note as follows, viz:

"$2,696.55. Policy No. 92962. New York, March 20, 1909.

For Value Received, on demand I promise to pay to the order of THE UNITED STATES LIFE INSURANCE COMPANY, in the City of New York, at their office in said city, Twenty-six Hundred Ninety-six 55-100 Dollars (or such part as shall remain uncancelled by dividends,

which the Company is hereby given the right to apply in payment thereof), the same being a lien on Policy No. 92962. And also to pay at the same place interest on the same at the rate of 6 per cent. per annum, in advance at its annual due date in each year, viz: September 22nd.

It being expressly understood and agreed, and the loan for which this note is given being made upon the condition, that if the interest hereon be not fully paid when due as above mentioned, the policy upon which said loan is made shall become null and void, and of no effect, and be forfeited to said Company, which shall be thereupon forever released from all liability on account of said policy, or anything thereunto connected, except for the surrender value, if any, to which the policy holder may be entitled under said policy.

Note No. 35299.                    JOHN A. DASH."

And also an assignment of pledge of policy as collateral, as follows, viz:

"ASSIGNMENT OR PLEDGE OF POLICY AS COLLATERAL.

KNOW ALL MEN BY THESE PRESENTS, That I, the undersigned, John A. Dash, the same person named or referred to in Policy No. 92962 by The United States Life Insurance Company in the City of New York.

IN CONSIDERATION of the payment to me by said Company of the sum of Twenty-six hundred ninety-six 55-100 dollars ($2,696.55) as a loan which I hereby acknowledge to have received, the same being a lien on said Policy according to the terms of my Note or obligation in writing, bearing even date herewith, which is hereby referred to and made part thereof do hereby sell, assign, transfer and set over unto the said Company all right, title, interest, claim and demand, in, to, of, or under, said Policy, To HAVE AND TO HOLD the said Policy unto the said Company, and its successors and assigns, ON CONDITION that if said principal sum be fully paid with the interest on or before the demand therefor according to the terms of said note and before any default in

payment of interest as aforesaid, this assignment shall be and become null and void, and said policy shall revert and be reassigned thereupon; but it is also hereby understood and agreed that if the principal and interest aforesaid shall not be paid when due and according to the terms and conditions of the said note, then and in case of any such default this assignment shall become absolute and said policy become forfeited to said Company, and upon such or any such default the said Company shall be and hereby is thereupon forever released and discharged of and from all and every liability, claim or demand whatsoever upon or by reason of said Policy or anything in anywise connected wherewith.

WITNESS my hand and seal this 20th day of March, Nineteen Hundred and Nine.

(Signed)    JOHN A. DASH.    (L. S.)
Sealed and delivered in
the presence of
LOUIS STREUBER.    (Signed)."

3. The policy contains inter alia a clause as follows, viz:

"I. Failure to pay any renewal premium, or non-payment (when due) of principal or interest on any note given as a charge against this contract or any breach or warranty discovered within one year from this date, will render it null and void, and all payments theretofore made hereunder will be forfeited to the company; except that

II. After being in force three full years, a surrender equity, as hereinafter set forth, may be obtained in accordance with the law of the State of New York."

4. When defendant made Mr. Dash the said loan it deducted the interest thereon from March 20, 1909, to Sept. 22, 1909, which was payment of interest in advance as specified. However, by the terms of the loan a year's interest in advance became payable on Sept. 22, 1909, but was not then or thereafter paid or tendered

by him.   And on November 11, 1909, Defendant from its general office in New York sent Mr. Dash a letter as follows, viz:

"NEW YORK, November 11, 1909.

Mr. John A. Dash,
    343 West 3rd Street,
            Erie, Pa.

Dear Sir:

The interest for one year at six per cent. per annum—$161.79—on loan of $2,695.55, under Paid-up Policy No. 92962, on your life, not having been paid in accordance with the terms of the demand note given by you for such loan, we hereby demand payment of said interest of $161.79.

In the event of your failure to make such payment on or before December 11, 1909—one month from date—we shall have to demand payment of the principal of the loan and to declare the policy forfeited in accordance with the terms of the note and pledge executed by you, if such payment is not made to us.

We trust you will not compel us to take this course.

Yours truly,

(Signed)   GEORGE W. HUBBELL,
                    *Actuary.*"

And on December 14, 1909, another letter as follows, viz:

"NEW YORK, December 14, 1909.

Mr. John A. Dash,
    343 West Third Street,
            Erie, Pa.

Dear Sir:

Referring to our letter of the 14th ultimo in relation ' to Policy No. 92962, on your life, we would say that the interest on note charged against this Policy not having been paid within the time limit allowed in that letter, we hereby demand payment of the entire loan of $2,696.55.

In the event of your failure to make such payment on or before January 14, 1910, we shall declare the policy forfeited under the terms and conditions of the note.

> Yours truly,
> (Signed) GEORGE W. HUBBELL,
> *Actuary."*

And on January 19, 1910, another letter as follows, viz:

"NEW YORK, January 19, 1910.

Mr. John A. Dash,

No. 343 West Third Street,

Erie, Pa.

Dear Sir:

Referring to our letter of the 11th ultimo in relation to Policy No. 92962, on your life, we would say that the loan and interest charged against this policy not having been paid in accordance with demand made by the Company we have canceled the policy on our books, as per the terms of the note and pledge signed by you. The Company is therefore under no further liability in respect of this insurance.

> Yours very truly,
> (Signed)   GEORGE W. HUBBELL,
> *Actuary."*

All of which letters were registered and received by him in due course of mail. But Mr. Dash paid no attention to said letters and never answered any of them or took any step to prevent the cancellation of his policy or to secure the reinstatement thereof.

5. On March 12, 1910, Mr. John A. Dash, the assured, died suddenly, at the age of fifty-six years.

6. From the circumstances, that Mr. Dash realized all he could on the policy, to wit, its exact loan value, which was also its surrender value, and made no effort to redeem it, or to prevent its cancellation, and ignored the repeated notices from the company, and also from his declarations as shown by the evidence, we find as a

fact that he did not intend to pay the loan or redeem the policy. He wanted the money to use and preferred it to the paid up policy.*

7. Subsequent to his death the beneficiary made proofs of loss; and payment being refused on the ground that the policy had been cancelled in his lifetime, brought this suit for the $5,000.00, less the loan.

*The evidence showed that he had made declarations to the effect that he had cashed in the policy.—RE-PORTER.

### LEGAL CONCLUSIONS.

1. By the terms of the policy, assignment and note the principal of the loan became due and payable by virtue of the letter of December 14, 1909, demanding payment thereof.

2. On account of the non-payment of the loan, after such demand, defendant was authorized to cancel said policy and appropriate it to the payment of such loan.

3. As the policy provides that it shall become null and void by the non-payment (when due) of the principal on any note given as a charge against it, and as the assignment provides that it shall become absolute, and the policy forfeited, and the company released from all liability on account thereof if the principal and interest be not paid when due according to the terms and conditions of the note, in our opinion the defendant was within its rights in cancelling the policy as it did on January 19, 1910.

4. Conceding that the demand of interest, after it became due, constituted a waiver of the prescribed forfeiture for non-payment thereof, such demand did not prevent defendant from thereafter cancelling the policy for non-payment of the principal debt in accordance with the terms of the policy and assignment.

5. Judgment should be entered for the defendant and against the plaintiff for costs.

1912.] Assignment of Error—Opinion of the Court.

*Error assigned* was the judgment of the court.

*John S. Rilling,* with him *Clark Olds* and *H. L. Moore,* for appellant.

*C. L. Baker,* for appellee.

PER CURIAM, May 13, 1912:

This action was brought on a policy of insurance issued by the appellee. A jury trial was waived, and no one of the seven facts found by the court below is assigned as error. From them, and especially from the sixth, the conclusion was inevitable that the plaintiffs could not recover, and the judgment for the defendant is, therefore, affirmed.