## ADAMS v. MUTUAL LIFE INSURANCE COMPANY.

[No. 10,310. Filed November 4, 1921.]

1. PLEADING.—*Want of Consideration.—Pleading Specially.*— Where a contract in suit imports a consideration, the want of consideration cannot be shown under a general denial, but must be pleaded, but where the contract does not import a consideration, thereby making it necessary for the pleader to allege a consideration, want of consideration may be shown under the general denial. p. 601.

2. INSURANCE.—*Life Insurance.—Policy Loans.—Foreclosure.— Agreement.—Consideration.*—Where, in an action on a life policy, the insurer defended on the ground that it made a policy loan to insured and his wife, the plaintiff, under an agreement entitling it to foreclose its lien and cancel the policy on default in payment of premiums or loan, etc., and that in pursuance to such agreement there had been such foreclosure and cancellation, *held* that the agreement as to foreclosure and cancellation was not without consideration by reason of a provision in the policy that loans would be made in conformity with rules in force at the time of the making of the loan, where such agreement conformed to the rules in force at the time the loan was made. p. 602.

3. INSURANCE.—*Life Insurance.—Cancellation of Policy.—Rights of Insured and Beneficiary.*—Where insured and his wife, the beneficiary, borrowed from the insurer the entire cash or surrender value of the policy, and subsequently made default in payment of loan and payment of premiums, insured and beneficiary had nothing left except the value speculative upon the life or death of the insured, and could have but little, if any, interest in the manner in which the insurer closed the transaction and canceled the policy, and were not in position to complain of the formality or want of formality therein. p. 603.

4. APPEAL.—*Review.—Intervening Errors.—Affirmance.*—Where a right result has been reached, the cause will not be reversed for intervening errors in giving or refusing instructions. p. 605.

From Gibson Circuit Court; *Simon L. Vandeveer*, Judge.

Action by Orinda H. Adams against the Mutual Life Insurance Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*W. Z. Bennett, George K. Denton, Sanford Trippet* and *Jones & Lairy,* for appellant.

*Frederick L. Allen, D. H. Ortmeyer, Embree & Embree* and *Gavin & Gavin,* for appellee.

NICHOLS, P. J.—Action by appellant against appellee on a policy of insurance on the life of her deceased husband. The policy was dated December 6, 1898, and by its terms appellee agreed to pay to appellant on proof of death of her husband $50,000 in twenty annual installments of $2,500 each. The husband died May 23, 1906. The questions here involved arise upon the issues formed by a general denial to the first and fifth paragraphs of answer. The first paragraph of answer alleges that the insured and beneficiary, appellant herein, borrowed $4,900, the full cash value of the policy on November 18, 1903, and assigned the policy as security for said loan and that thereafter the insured failed to pay the premium due on December 6, 1904, and failed to pay the loan due on said date, and that on March 8, 1905, appellee foreclosed its lien on the policy by canceling the same and applying the cash value to the payment of the lien in accordance with the terms of the loan agreement.

The fifth paragraph of answer was the same as the first except that it pleaded that the loan contract was made in the State of New York, and was governed by the law of that state as to its construction, alleged that said contract was valid, and that there had been a legal foreclosure of the lien on the policy under the law of that state. Appellant states that the question involved on this appeal is as to whether or not the loan agreement was valid, and as to whether the lien on the policy had been legally foreclosed. The court adopted the construction of the contract contended for by appellee, holding the loan agreement valid and that the facts

were sufficient to show a legal foreclosure of the lien. In accordance with the court's instructions the jury returned a verdict for the appellee and the court rendered judgment accordingly in its favor.   There was a motion for a new trial which was overruled.   This ruling of the court is the only error assigned.

The provision for loans as contained in the policy is as follows:  "After this policy shall have been in force three full years the company within sixty days on written application and upon assignment of this policy as security, will, in conformity with its rules then in force, loan amounts within the limits of the cash surrender value, with interest in advance, at the rate of 5% per annum, Provided:   (1) that premiums be fully paid to the end of the policy year in which the loan falls due; (2) that in any settlement of this policy all outstanding indebtedness must be paid."

The loan agreement was dated November 18, 1903, and by its terms the company agreed to loan to the insured and appellant $4,900, $2,284 of which was applied to the payment of the premium on the policy to December 6, 1904, $251.54 to the payment of the interest on the loan, less interest upon the premium advanced, and $2,364.24 was paid to the insured and appellant by the company's check.   To secure the payment of this loan which was due December 6, 1904, the insured and appellant assigned, transferred and set over all their right, title and interest in the policy here involved to the company as collateral security.   It was then provided that: "In the event of default in the payment of said loan on the date hereinbefore mentioned, the company is hereby authorized at its option, without notice and without demand for payment, to cancel said policy, and apply the customary cash surrender consideration then allowed by the company for the surrender for cancellation of similar policies, namely $4,900 to the payment of said loan

with interest, the balance, if any, to be payable to the parties entitled thereto on demand.  *  *  *."

Appellant contends that so much of the agreement as is last quoted above is invalid for the want of consideration, contending that the policy having
1. stipulated the terms upon which appellant and her husband should be entitled to a loan, and that the said part of the agreement above set out being beyond the terms of the policy, they are wholly without consideration and therefore unenforceable.   But appellee contends that appellant did not specially plead want of consideration for said part of said loan agreement, and that appellant having only pleaded a general denial to appellee's said second paragraph of answer, the questions which he now seeks to present cannot be presented under the general issue.   An examination of the loan agreement as a whole clearly purports to furnish a consideration for each and every part thereof.   It is the general rule as stated in 1 Ency. Pl. and Pr. 819, that in pleading a want of consideration, if the contract in suit imports a consideration, the want of consideration cannot be shown under a general denial but must be pleaded, but that if on the other hand the contract in suit does not import a consideration, thereby making it necessary for the pleader to allege a consideration, want of consideration may be shown under the general denial. The same rule is stated in substantially the same language in 1 Watson, Revision Works' Practice §613.

Appellant cites the case of *Butler* v. *Edgerton* (1860), 15 Ind. 15, as sustaining her contention that want of consideration may be proven under the general issue, but in that case the court says: "The complaint sets out specifically the consideration for which the instrument was given besides furnishing a copy of the instrument." We have here then a specific averment as to the consideration and it may be conceded that with

the pleading in such form, the question of the want of consideration can be raised by a general denial. The rule that governs in this case is more fully stated in the case of *Nixon* v. *Beard* (1887), 111 Ind. 137, 141, 12 N. E. 131, where the court says: "It is true that, to make a want of consideration a defense to an action on an instrument in writing which imports a consideration, it must be specially pleaded, but that rule does not apply to cases like this in which the consideration is properly and fully averred in the complaint."

In *Smith* v. *Flack* (1884), 95 Ind. 116, 121, the court stated the principle of law that must govern here as follows: "A written instrument promising to pay money implies a consideration, and if there was none, it is for the promisor to plead and prove the fact. *Beeson* v. *Howard*, 44 Ind. 413; *Philbrooks* v. *McEwen*, 29 Ind. 347. Nothing appearing to the contrary, a contract will be presumed to be made upon a consideration, and a want of consideration must be shown by the party pleading it. *Nelson* v. *White*, 61 Ind. 139. But it can not be proven under a general denial. *Bingham* v. *Kimball*, 17 Ind. 396."

Appellant cites *Miller* v. *Taggart* (1905), 36 Ind. App. 595, 76 N. E. 321, in which case as to the averments of the answer the court on p. 599, makes the following statement: "The bond, with the written agreement referred to therein, showed the consideration, and the answer sufficiently indicated the construction for the contract on which it was based." We assume from this that the court holds that the answer contains an averment of the consideration for the contract upon which the answer was based. Such being the case it is not out of harmony with the cases above cited. The same rule is stated in *Smith* v. *Frantz* (1915), 59 Ind. App. 260, 265, 109 N. E. 407 where it was held that as a general rule, want of con-

sideration must be pleaded in order to be available as a defense, yet where as here, the complaint sets out the consideration for the contract sued on, and in addition makes the contract an exhibit and the contract sets out a consideration, evidence of want of consideration is admissible under a general denial. If, however, it were conceded that appellant could have made her proof of want of consideration under the general issue, or if she had specially pleaded this defense to the answer, still she has failed in her proof. By the terms of the policy appellee agreed to make the loan in conformity with its rules in force at the time of making the loan. It does not appear by any evidence that each of the details of the loan agreement is not in full conformity with the rules of the company at the time the loan was made. The same form of loan agreement appears in the cases of *Palmer* v. *Mutual Life Ins. Co.* (1911), 114 Minn. 1, 130 N. W. 250; *Frese* v. *Mutual Life Ins. Co.* (1909), 11 Cal. App. 387, 105 Pac. 265; *Sherman* v. *Mutual Life Ins. Co.* (1909), 53 Wash. 523, 102 Pac. 419. Certainly, the burden was on appellant to show that the agreement was not in harmony with the rules then in force. Appellant has failed to plead and to prove want of consideration.

By the undisputed evidence in this case, it appears that appellant's husband, after receiving the policy in suit, paying necessarily large premiums there- 3. for, became, after making six payments of premiums, financially embarrassed, and was unable further to pay his premiums. He and appellant then borrowed from the company under the terms of the policy and loan agreement here involved, the entire cash or surrender value of the policy. They thereafter made default in the payment of the loan, and in the payment of premiums. The policy, subject to the loan, had no cash value,—only a value speculative upon the life or

death of the insured. It hardly seems necessary that we should say that its continued existence must depend upon the payment of the premiums according to its terms, and that of necessity, it must lapse if the premiums are not paid. There is no contention that any premiums were paid after the loan was made. Under such circumstances, after default in payment of premiums, the insured and appellant had nothing left. *Jackson* v. *Mutual Life Ins. Co.* (1911), 186 Fed. 448, 108 C. C. A. 369; *Union Mut. Life Ins. Co.* v. *Adler* (1905), 38 Ind. App. 530, 73 N. E. 835, 75 N. E. 1088; *Tibbits* v. *Mutual, etc., Ins. Co.* (1903), 159 Ind. 671, 65 N. E. 1033; *Want* v. *Blunt* (1810), 12 East. 183; *Dillard* v. *Manhattan Life Ins. Co.* (1871), 44 Ga. 119, 9 Am. Rep. 167; *Worthington* v. *Charter Oak Life Ins. Co.* (1874), 41 Conn. 372, 19 Am. Rep. 495; *Klein* v. *Insurance Co.* (1881), 104 U. S. 88, 26 L. Ed. 662. They could have but little, if any, interest in the manner in which the appellant closed the transaction, and they are not in position to complain of the formality or want of formality in the proceeding. Both the loan agreement and the manner of its enforcement were valid. *Eagle* v. *New York Life Ins. Co.* (1910), 48 Ind. App. 284, 91 N. E. 814; *Clare* v. *Mutual Life Ins. Co.* (1911), 201 N. Y. 492, 94 N. E. 1075, 35 L. R. A. (N. S.) 1123; *Palmer* v. *Mutual Life Ins. Co.* (1902), 77 N. Y. Supp. 869, 38 Misc. Rep. 318; *Sherman* v. *Mutual Life Ins. Co., supra; Frese* v. *Mutual Life Ins. Co., supra; Rye* v. *New York Life Ins. Co.* (1911), 88 Neb. 707, 130 N. W. 434; *Salig* v. *U. S. Life Ins. Co.* (1912), 236 Pa. 460, 84 Atl. 826; *Wilson* v. *Royal Mutual Ins. Co.* (1908), 137 Iowa 184, 114 N. W. 1051; *Palmer* v. *Mutual Life Ins. Co., supra; Ruane* v. *Insurance Co.* (1916), 194 Mo. App. 214, 186 S. W. 1188; *Stevens* v. *Mutual Life Ins. Co.* (1920), 227 N. Y. 524, 125 N. E. 682.

The policy was canceled in March, 1905, after default in payment of the premium due on December 6, 1904. The insured lived until May, 1906, without taking any steps to pay the loan or to reinstate the policy. Appellant continued thereafter for seven years a resident of the State of Texas without taking any steps to enforce any rights that she might have, and then brought this suit in Vanderburgh county, Indiana. Appellee says that appellant brought the suit in Indiana because she was barred in the State of Texas, and contends that as she was barred in that state, she is also barred here. We do not need to determine this question. In any event, she is not supported in her suit by law or equity. We do not need to discuss questions raised on instructions, for clearly a right result has been reached, and intervening errors in giving or refusing instructions will not reverse.

Judgment affirmed.