JONES v. MUTUAL LIFE INS. CO. OF N. Y.
(3 Div. 773.)

Supreme Court of Alabama.  April 28, 1927.

Rehearing Denied June 23, 1927.

1. Insurance ⚙︎179½—Agreement to cancel policy pledged to insurer for loan if indebtedness exceeded cash value held valid, regardless whether policy was in "paid-up" class.

Where insured pledged policy with insurer for loan, loan agreement providing that, if indebtedness including interest should equal or exceed policy's cash value, policy should be canceled, *held* valid, whether policy was or was not in "paid-up" class.

2. Insurance ⚙︎179½—"Deposit and assignment" of policy to insurer as "collateral security" for loan held equivalent to "assignment and transfer" for "security."

Where policy was "deposited with and assigned to" insurer by insured "as collateral security for repayment of loan," and was in fact delivered to insurer, same title and right was conveyed to insurer as though policy were "assigned and transferred" for "security."

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action on a policy of life insurance by Addie A. Jones against the Mutual Life Insurance Company of New York. From a judg-

ment for defendant, plaintiff appeals. Affirmed.

Ball & Ball, of Montgomery, for appellant.

The provision of the loan agreement with reference to cancellation of the policy for default in payment of interest on the loan is void, and the attempted cancellation a nullity. Travelers' Ins. Co. v. Lazenby, 16 Ala. App. 549, 80 So. 25. The fact that in this case the policy was paid up and that title to the policy did not pass under the assignment differentiates this case from Penn Mutual L. I. Co. v. Bancroft, 207 Ala. 617, 93 So. 566, 28 A. L. R. 1102.

Frederick L. Allen, of New York City, Bradley, Baldwin, All & White, of Birmingham, and Steiner, Crum & Weil, of Montgomery, for appellee.

The loan agreement involved in this case provides for cancellation of the policy in event of default in payment of the note. This provision is valid. Penn Mutual L. I. Co. v. Bancroft, 207 Ala. 617, 93 So. 566, 28 A. L. R. 1102; Stevens v. Mutual L. I. Co., 227 N. Y. 524, 125 N. E. 682, 18 A. L. R. 1141.

SOMERVILLE, J. In Penn Mut. Life Ins. Co. v. Bancroft, 207 Ala. 617, 93 So. 566, 28 A. L. R. 1102, the insured had borrowed money from the company, and pledged his policy as security therefor. Under the loan agreement the policy was assigned and transferred to the company, and was in fact delivered to it, and it was provided that—

"If at any time the entire indebtedness evidenced by this certificate, together with any other indebtedness to the company on said policy, shall equal or exceed its loan value the company's liability under said policy shall terminate upon compliance by the company with the requirements of the policy, if any, respecting notice."

After several renewals of the loan, and after the last premium had been paid and the policy had become a "paid-up" policy, the principal and accumulated interest exceeded the loan value of the policy; and, after due notice to the insured, the company canceled the policy in accordance with the terms of the contract. It was held that the provision for cancellation was valid, and that the company's cancellation of the policy in accordance with its terms, prior to the death of the insured, terminated its liability thereunder and defeated the beneficiary's right of recovery.

[1] So far as concerns the principles involved, there is no material difference between that case and the case now before us. In the Bancroft Case the loan was originally made before the policy had become a "paid-up" policy, but it was allowed to run for two years beyond that period, at which time the condition for cancellation occurred. But, as a matter of law, we do not think the validity of the cancellation agreement would be in any wise affected by the fact that the policy was or was not in the "paid-up" class.

[2] But it is insisted that in the Bancroft Case the policy was "assigned, transferred, and delivered" to the insurance company, thereby vesting in the company the legal title, and removing it from the doctrine of Travelers' Ins. Co. v. Lazenby, 16 Ala. App. 549, 80 So. 25, in which certiorari was denied by this court without opinion, 202 Ala. 207, 80 So. 29. In the Bancroft Case the loan agreement was construed as a pledge of the policy for the security of the debt. Here the policy was "deposited with and assigned to the company as collateral security for the repayment of this loan"; and it was in fact delivered to the company at the time. So far as the passage of title is concerned, to "assign" is as effective as is "to assign and transfer"; and a pledge for "collateral security" is exactly the same as a pledge "for security," conveying the same title and right to the pledgee.

In the well-considered case of Palmer v. Mutual Life Ins. Co., 114 Minn. 1, 130 N. W. 250, Ann. Cas. 1912B, 957, Id., 121 Minn. 398, 141 N. W. 518, Ann. Cas. 1914D, 160, the court held the loan agreement to be merely a pledge, notwithstanding that it "assigned, transferred, and set over" all of the assured's right, title, and interest in the policy. That case is in accord with the Bancroft Case, supra, in holding that the cancellation agreement was valid, and in neither case was the purely technical question of legal title, vel non, conceived to be of any importance.

In so far as the case of Travelers' Ins. Co. v. Lazenby, 16 Ala. App. 549, 80 So. 25, is based on such a distinction, viz. that the policy was merely "pledged" and not "assigned," it is unsound and must be disapproved.

The identical contract here in question, and substantially the facts of this case, were before the Court of Appeals of New York in Stevens v. Mut. Life Ins. Co., 227 N. Y. 524, 125 N. E. 682, 18 A. L. R. 1141, where the loan was made on "paid-up" policies. The court there said:

"The contract is clear. Its terms are not ambiguous. On default, the company may cancel the policy without further notice or further demand. This cancellation is the basis for further action. After it, but necessarily only after it has been effected, the company applies the surrender value of the policy to the payment of the note. If any balance remains it will pay it to the borrower on demand. The provisions are independent. They do not resemble those in fire policies where the manner in which cancellation may be effected is prescribed. Here the borrower expressly agrees that the cancellation may be made without notice by the action of the company. Such an agreement is not illegal. Clare v. Mut. Life Ins. Co., 201 N. Y. 492 [94 N. E. 1075, 35 L. R. A. (N. S.) 1123]. Nor is it inequitable. The borrower knows when the loan is due.

He knows the privilege he has conferred. He knows it will generally be to the advantage of the company to enforce the cancellation. It is for him to ascertain if cancellation has been effected because of his default and if so to demand any balance that may be due to him. In most banking loans on collateral the bank reserves the right to sell the collateral on default or to retain it itself at a fair value and apply the proceeds on the loan. Any balance due belongs to the borrower. But it has never been held that the transaction is not closed until notice is given that such a balance is in its hands."

Under the foregoing authorities, we hold that the general affirmative charge was properly given for the defendant, and the judgment will be affirmed.

Affirmed.

All the Justices concur.