22605. HAMMOND *v.* VOLUNTEER STATE LIFE INSURANCE COMPANY.

DECIDED SEPTEMBER 4, 1933.

478

*David H. Pope, Tull & Brown,* for plaintiff.

*Z. B. Rogers,* for defendant.

JENKINS, P. J. 1. A stipulation in a paid-up policy of life insurance and a loan agreement thereon, providing for what amounts

to a method of foreclosure, after the giving of the prescribed notice, by the cancellation of the policy and the application of the cash value thereof to the payment of the loan whenever the past-due principal with the interest thereon equals or exceeds the actual cash value of the policy (as distinguished from some amount arbitrarily fixed by the insurer without regard to the actual value), is valid, and does not contravene public policy or amount to confiscation or to an agreement for the exaction of a penalty for nonpayment of the indebtedness, since, under such a contractual procedure, the insured realizes the full amount of all his rights and interest in the policy at the time of such cancellation. Palmer *v.* Mutual Life Ins. Co., 114 Minn. 1, 8 (130 N. W. 250, Ann. Cas. 1912B, 957); Stevens *v.* Mutual Life Ins. Co., 227 N. Y. 524 (125 N. E. 682, 18 A. L. R. 1141, 1143, 1144); Penn Mutual Life Ins. Co. *v.* Bancroft, 207 Ala. 617 (93 So. 566, 28 A. L. R. 1103); Jones *v.* Mutual Life Ins. Co., 26 Ala. 437 (113 So. 314, 54 A. L. R. 1068-1070); Atty.-Gen. *v* North America Life Ins. Co., 82 N. Y. 172; People *v.* Knickerbocker Life Ins. Co., 103 N. Y. 480; Clare *v.* Mutual Life Ins. Co., 201 N. Y. 492 (94 N. E. 1075, 35 L. R. A. (N. S.) 1123); Frese *v* Mutual Life Ins. Co., 11 Cal. App. 387 (105 Pac. 265); Salig *v.* U. S. Life Ins. Co., 236 Pa. 460 (84 Atl. 826); Sherman *v.* Mutual Life Ins. Co., 53 Wash. 523 (102 Pac. 419); Hartford Life Ins. Co. *v.* Benson (Tex. Civ. App.), 187 S. W. 351, 353; Knickerbocker Life Ins. Co. *v.* Harlan, 56 Miss. 512, 516; Salvidge *v.* Mutual Life Ins. Co., 195 Ia. 156, 159-161 (191 N. W. 862); Palmer *v.* Mutual Life Ins. Co., 77 N. Y. Supp. 869, 871, 872 (38 Misc. 318); Adams *v.* Mutual Life Ins. Co., 76 Ind. App. 598 (132 N. W. 688); Davis *v.* Equitable Life Assurance Soc. (Mo. App.), 275 S. W. 353; Kimball *v.* N. Y. Life Ins. Co., 98 Vt. 192 (126 Atl. 553); Ewald *v.* N. W. Mut. Life Ins. Co., 60 Wis. 431 (19 N. W. 513); Ruane *v.* Manhattan Life Ins. Co., 194 Mo. App. 214 (186 S. W. 1188); Click *v.* N. Y. Life Ins. Co., 95 Neb. 274 (145 N. W. 693); McQuitty *v.* Continental Life Ins. Co. 15 R. I. 573 (10 Atl. 635); Bach *v.* Western Life Ins. Co. (C. C. A.), 51 Fed. (2d) 191; Note, 18 A. L. R. 1145; 3 Couch on Ins. 2103, 2104.

2. In the cases relied upon by the plaintiff in error (St. Louis Mutual Life Ins. Co. *v.* Grigsby, 10 Bush (73 Ky.), 310, 61 L. R. A. 269), where a provision for forfeiture was held invalid, the pro-

vision and the default covered only the interest due on a premium note, and not the entire obligation. The validity of such forfeitures where the insured defaults as to the entire premium obligation has been upheld in Kentucky, this State, and other jurisdictions. See *Hipp* v. *Fidelity Mut. Life Ins. Co.*, 128 *Ga.* 491 (57 S. E. 892, 12 L. R. A. (N. S.) 319); *State Life Ins. Co.* v. *Tyler*, 147 *Ga.* 287 (93 S. E. 415); *Sullivan* v. *Conn. Indemnity Asso.*, 101 *Ga.* 809 (29 S. E. 41). In New York Life Ins. Co. *v.* Curry, 115 Ky. 100 (72 S. W. 736, 103 Am. St. R. 297, 61 L. R. A. 268), and similar cases, holding illegal a cancellation of a policy for failure to pay interest on a policy loan, because the provision for forfeiture was "upon such terms as the payee of the note may require at its option," the agreement did not, as here, allow the insured the actual cash surrender value of the policy in settling his indebtedness, but allowed only "the customary cash surrender value then allowed" by the insurer, which was only such value as the insurer itself might arbitrarily fix, and the insured was not permitted to receive the full amount to which he was properly entitled in a cancellation of his policy. This distinction appears from Mutual Benefit Life Ins. Co. *v.* First Nat. Bank, in the same volume, 115 Ky. 757, 771-774 (74 S. W. 1066), upholding provisions similar to those now in question. The decision in Travelers Ins. Co. *v.* Lazenby, 16 Ala. App. 549 (80 So. 25), is contrary to the subsequent holding of the Supreme Court of that State in Penn Mut. Life Ins. Co. *v.* Bancroft, 207 Ala. 617 (93 So. 566, 28 A. L. R. 1102), and is overruled by Jones *v.* Mutual Life Ins. Co., 216 Ala. 437 (113 So. 314, 54 A. L. R. 1068-1070). If the case of Hutchinson *v.* National Life Ins. Co., 196 Mo. App. 510 (195 S. W. 66), may be taken as authority for the invalidity of such stipulations, it is counter to Davis *v.* Equitable Life Ins. Co., supra, and other cases of the same State.

3. Under a paid-up policy of life insurance and a loan agreement such as is set forth in the statement of facts, the fact that the principal amount as stated in the loan agreement exceeds the then cash value available under the terms of the policy will not render the amount of the loan equal to such cash value, so as to bring into effect a waiver or estoppel of the insurer against cancellation, where interest on the principal to the date of maturity of the loan is deducted from the principal at or before the lending, and the

amount then received by the insured is thus actually less than the cash value of the policy. Moreover, even if an excess loan could be taken as constituting a waiver or estoppel against cancellation until the loan became in default, it would not estop the insurer from canceling the policy after the rights of the insured under the loan agreement had terminated by his default, and after the subsequently accruing interest had increased and was continuing to increase the amount of his indebtedness and the amount of the discrepancy between the cash value of the policy and the amount past due and owing by him on the loan. Especially would the rule here stated have application where the insured, after due and often repeated notice, makes no effort to pay the indebtedness, or, after cancellation, fails to accept the insurer's offer to reinstate the policy.

4. In accordance with the foregoing rules, the trial judge, sitting without a jury by agreement of the parties, did not err, under the stipulated facts, in entering judgment for the defendant insurer.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*