29443. UNION CENTRAL LIFE INSURANCE COMPANY
*v.* BURNSTEIN.

</div>

<div align="center">

DECIDED JULY 8, 1942.

</div>

*Hirsch, Smith, Kilpatrick, Clay & Cody, E. D. Smith Jr.,* for plaintiff in error. *Barrett & Nall,* contra.

FELTON, J.    Mrs. Hinda Burnstein sued the Union Central Life Insurance Company on a 20-year payment life-insurance policy, issued on the life of Max Burnstein, in which the plaintiff was named as beneficiary.   The court directed a verdict for the plaintiff and the company excepts to the overruling of its motion for new trial.

The policy sued on was for the face amount of $2000 and provided for the payment of an initial premium and nineteen additional annual premiums, all of which had been paid.   The policy was dated April 1, 1920.   On January 5, 1940, the insured applied for a loan for the full amount of the loan value, which loan was made January 10, 1940.   The loan value of the policy on April 1, 1940 (the end of the 20th year, after which no further premiums were due), was $1016.   Interest at 6 per cent. per annum, discounted to April 1, 1940, was deducted from the amount of the loan.   On April 1, 1940, the interest of $57.51, discounted at 6 per cent. and due in advance under the terms of the loan agreement, was not paid.   On May 20, 1940, the company wrote the insured and the beneficiary informing them of the nonpayment of the interest due on April 1, 1940, and informing them that the loan against the policy was $1016.25 and that the loan value was only $1016, and that the policy would become null and void on June 20, 1940, unless the interest was paid by that time.   The figure $1016.25 was arrived at as follows:

Loan value of the policy............................$1016.00
Interest at 6 per cent discounted
   in advance from April 1, 1940, to June 20, 1940..$8.17
Dividend accruing on policy
   April 1, 1940 (applied to payment of interest).. 7.92
Deficit ......................................... .25
_____
   Loan ......................................$1016.25

The interest was not paid and the company wrote the insured and the beneficiary on June 28, 1940, notifying them that the policy had become null and void as of June 20, 1940, because of the nonpayment of interest.   The insured died July 4, 1940.   The cash value of the policy at the end of the 20th year was $1016; at

the end of the 21st year, $1038. The policy provided that the loan value was the cash value less interest to the next anniversary of the policy. It also provided that the "loan value is available at any time during the policy year if premiums have been paid to the end of the year."

The policy provided: "16. Option 3. Loan. Borrowed or taken in advance in whole or in part on the sole security of the policy, on assignment thereof, less the unpaid balance of the current year's premium and any indebtedness and previous advance on the policy, at 6 per cent. interest payable annually on the anniversary of the policy, interest to be discounted and paid in advance. Failure to repay any such advance or to pay interest shall avoid this policy whenever the total indebtedness and advance hereon with interest shall equal or exceed the then loan value, provided however, that failure to repay any such advance, or to pay interest, shall not avoid this policy unless the total indebtedness and advance hereon shall equal or exceed such loan value at the time of such failure, and until one month after notice shall have been mailed by the company to the last-known address of the insured, and of the assignee, if any. . . 18. Credit for fractional premiums. If default shall occur at any time other than the end of the policy year the values for the preceding policy year shall be proportionately increased for the portion of the policy year for which premiums have been paid."

The loan agreement contained the following: "I hereby agree with said company: 1. To pay interest on said advance at the rate of 6 per centum per annum to the policy anniversary, viz. ————next succeeding the date of this agreement, and annually thereafter; interest to be discounted and paid in advance at the home office of said company."

1. The defendant in error's contention is that the agreement to pay interest, next above set forth, is ambiguous, or plainly means that no interest was due until April 1, 1941. With neither of these can we agree. The provision is plain and unambiguous and means that interest was to be paid annually and in advance, which would have made it due April 1, 1940.

2. Division 18 of the policy, "Credit for fractional premiums," does not give any added value to the policy in this case because it refers to default by reason of the nonpayment of premiums at a time other than the end of the policy year.

564

3. Defendant in error contends that there was a cash value over and above the $1016.25 due on the policy; that the cash value at the end of the 21st year was $1038 and that the loan value on May 20, 1940, was more than enough to pay the indebtedness on the policy. She is mistaken in this contention because the cash value of $1038 did not accrue until the last day of the 21st year, and in her argument she is treating the 21st-year cash value of $1038 as having accrued before the last day of the 21st year. It is true that the *loan value* of the 21st year, under the terms of the policy, was available at any time during the year, but the loan value was the cash value discounted at 6 per cent. at the time of a loan, and the loan value on May 20, 1941, would have amounted to less than the amount actually borrowed. Provisions for cancellation for failure to pay interest when the values of policies fall below loans and accrued interest, even on paid-up policies, have been held valid so often that discussion on that question is unnecessary. *Hammond v. Volunteer State Life Insurance Co.*, 47 *Ga. App.* 480 (170 S. E. 681) ; 126 A. L. R. 102.

The evidence in this case demanded the finding that the loan on the policy exceeded its real cash value and authorized the company to cancel it on compliance with the provisions of the policy as to notice. The court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*